ALBANY,
Jan. 1813.

TERRY
v.
FARGO.

———◆———

## TERRY *against* FARGO.

By the first section of the act (sess. 52. c. 186.) a justice of the peace may grant a warrant on the oath of the plaintiff himself, in the cases provided for by the 4th section of the act. (Sess. 31. c. 204.) The case of *Brown* v. *Hinchman*, (9 Johns. Rep. 75.) is, therefore, not law. Acting as a clerk to a merchant, does not authorize the signing of notes by the clerk, in the name of his principal.

IN ERROR, on *certiorari*, from a justice's court. *Fargo* sued *Terry*, before the justice, by a *warrant*, which was granted on the oath of the plaintiff. The plaintiff declared on a note, signed for the defendant, by one *Barker*, as his attorney. The defendant denied the note, and that *Barker* had any authority to make it. *Barker* was produced as a witness, and was objected to by the defendant. He was then sworn on his *voire dire*, and admitted. He stated that he was empowered to act as clerk of the defendant, and gave the note for property which the defendant had from the plaintiff, and on which the defendant made a great advance. On this evidence, the justice gave judgment for the plaintiff.

*Per Curiam.* The return of the justice is very brief as to the merits of the cause disclosed at the trial. There were no regular pleadings. The plaintiff below produced a note, purporting to have been signed for the defendant by one *Barker*, as his attorney. *Barker* was offered as a witness, and objected to, and then examined on his *voire dire*, and admitted. We are to infer from the record, that this examination was by consent, and that

the objection, even if it had been otherwise available, was then
abandoned.   He testified, that while acting as *clerk* for *Terry*, he
gave the note.   This alone was not sufficient to authorize him to
sign notes in the name of his principal.   But he testified, that the
note was given for property that *Terry* received and turned to
great advantage ; and the defendant was, consequently, responsible
for the goods so received, in an action of *assumpsit*, even if he
was not liable upon the note, and we are to intend that the plain=
tiff's declaration equally embraced the demand in this shape.

ALBANY,
Jan. 1813.

The point on which reliance seems to be placed is, that the plain-
tiff below obtained a warrant, *upon his own oath,* and the court, in
the case of *Brown* v. *Hinchman,* (9 *Johns. Rep.* 75.) considered
that the oath of the party was not the proof intended and requi=
red under the 4th section of the act of 1808. The court, in
pronouncing the judgment, in that case, did not advert to an
amendment to that section which was made by the legislature, in
a subsequent session, (sess. 32. c. 186.) and which expressly
allows the party applying for the warrant to be examined on oath.
The decision, therefore, being founded upon the act of 1808,
without recollecting the amendment, in the act of 1809, is not to
be regarded as authority, and the judgment below must be affirmed.

Judgment affirmed.