### ISNARD *v.* CAZEAUX.

Notice of every application to the court must be given to the opposite party, in case he has appeared, where the motion relates to any matter pending in court, or where a final order is sought, orders for time, and those of a

like nature alone excepted; otherwise the applicant or petitioner will only be entitled to an order *nisi*.

And copies of every petition, affidavit, &c., upon which the motion is founded, must be served, together with the notice of the motion.

Where an order had been obtained on an *ex parte* application, that the complainant be admitted to prosecute in *forma pauperis*, the same was vacated with costs.

A party must be an object of charity, otherwise the privilege of prosecuting in *forma pauperis*, will not be granted to him.

Applications for this privilege are not encouraged

1828.

Isnard
v.
Cazeaux.

C. GRAHAM, for the defendant, moved to set aside an order obtained in this cause, that the complainant be admitted to prosecute this suit in *forma pauperis*. By the affidavits, it appeared, that long after the defendant had put in his answer, the order was obtained on an *ex parte* application to the late Chancellor, without any notice to the defendant's solicitor. It also appeared that the complainant was living in genteel style, occupying a house at a rent of $400 per annum; had considerable sums, from time to time, standing to his credit in the bank; and was a healthy man, capable of earning a living.

*A. Rapallo*, for the complainant, cited Wyatt's Prac. Reg. 319, and Har. Ch. 379, to show the practice was regular.

*THE CHANCELLOR:—It does not distinctly appear from the authorities cited, what is the practice in the English Court of Chancery, as to giving notice of the application to prosecute in *forma pauperis*, after the defendant has appeared. It is stated in Harrison's Prac. 390, and Wyatt's Prac. Reg. 319, that on presenting the petition, if no cause appears against it, the order is directed to be entered agreeably to the prayer of the petition; which seems to imply that the adverse party may appear and oppose, or show cause against the application. But whatever may have been the English practice, this case must be determined by the rules and practice of this court. And on this sub-

May 21st.

[*40]

ject we are not left to conjecture. The 40th rule expressly provides, that a copy of every petition, affidavit, &c., relating to any matter pending in court, or on which a final order is sought, shall be served on the adverse party, with notice of presenting the same, and of the motion to be founded thereon; otherwise, the applicant or petitioner shall only be entitled to an order *nisi.* The settled practice of the court under this rule, after appearance, is to give to the opposite party notice of every application to the court, where he has any interest, to appear and show cause why the same should not be granted, orders for time and of a similar nature alone excepted. This is one of those cases where the defendant had a direct interest in the question to be determined, and was entitled to notice of the application, and to be heard in opposition thereto. Neither can this order be sustained upon the merits. Applications of this kind are not to be encouraged in this state, where every healthy and industrious citizen can earn sufficient to support himself, and also to enable him to pay the moderate fees of the officers of this court. Even in England, where the stamp duties and the fees of office are so burdensome to the suitor, a party was dispaupered because it appeared he was in possession of the premises in controversy, a cottage worth only 40s. per annum. (*Spencer* v. *Bryant,* 11 Ves. 49.) In this country, the court must be convinced that the party is really an object of charity before it will grant him this privilege. At the time this order was granted, the complainant had considerable sums of *money under his control in the bank; occupied a house at $400 rent, and kept a servant, &c. He was living in a style which a majority of the solicitors and counsellors of this court could illy afford, and at an expense which the compensation allowed to most of the judicial officers of the state would not have enabled them to sustain. He was not an object of charity, and had no claims upon the officers of this court for their gratuitous services.

The order allowing him to prosecute his suit as a pauper must be vacated; and he must pay the costs of this application.