St. Lawrence General Term, September, 1850. *Paige,
Willard, Hand, and Cady,* Justices.

## CONWAY *vs.* HITCHINS.

The appearance of a defendant before a justice, by attorney, on the return of
an attachment, supersedes the necessity of a summons, and gives the justice
jurisdiction of the cause.

An appeal from the judgment of a justice of the peace, not followed up by the
giving of the undertaking required by the code, (§§ 355, 356, 357,) will not
operate as a stay of any further proceedings which the plaintiff may elect to
pursue, in order to enforce the collection of the judgment.

The 292d section of the code of 1849, by necessary implication, places a judg-
ment of a justice, of which a transcript has been filed in the office of the
county clerk, on the same footing with a judgment of a court of record ; and
proceedings supplementary to the execution may be had, in such a case.

The affidavit upon which proceedings supplementary to an execution are insti-
tuted, against a defendant, need not alledge that the justice by whom the
judgment was rendered had jurisdiction.   It is sufficient if it shows the facts
conferring jurisdiction, and that the judgment was correctly given.

The ex parte affidavit of a judgment creditor, is sufficient *"proof"* of the
return of an execution unsatisfied, to authorize the granting of an order by
a judge for the examination of the defendant, under the 292d section of the
code of 1849.

Under the first clause of the 292d section of the code of 1849 a county judge
has the same power to appoint a referee as is possessed by a judge of the
supreme court.

A judge has power to appoint a referee, under that clause of the section, with-
out first requiring notice to be given to the defendant.

So, where a defendant has not appeared in the cause, a referee may be ap-
pointed without notice, under the 246th section of the code.

A reference may be ordered in a special proceeding.

The reference under chapter 2 of title 9 of the code of 1849 is of that character.

It is irregular to move, at a general term of the court, to set aside an order
made by a county judge for the examination of a defendant before a referee,
on the ground of irregularity.

If such order is erroneous, the remedy of the defendant is to apply to the
county judge to vacate or modify it.   And if such application is denied, it
*seems* the defendant may appeal, under § 349 of the code of 1849.

On the 7th day of June, 1850, the plaintiff made an affidavit
as follows :

"Washington county, ss.  William Conway being duly sworn,

deposes and says, that on the 11th day of May, 1850, the said Conway recovered a judgment against James Hitchins, the above named defendant, before H. Stowell, Esquire, one of the justices of the peace in and for the said county of Washington, for thirty-five dollars and seventy-one cents, and that a transcript of said judgment was filed and docketed in the office of the clerk of the said county on the 15th day of May last, and that on the 16th day of May thereafter, an execution was issued by the clerk of the said county, and delivered to the sheriff of the said county of Washington, which said execution has been returned by the said sheriff to the Washington county clerk's office, wholly unsatisfied, and that James Hitchins, the above named defendant, resided in said county at the time of issuing such execution, and still so resides.                 WILLIAM CONWAY.

Sworn this 7th day of June, 1850, before me,

H. STOWELL, Justice Peace."

On presenting the said affidavit to the county judge of Washington county, he, on the application of the plaintiff, made an order of which the following is a copy:

"Washington County Court.    *William Conway* vs. *James Hitchins*.    It appearing to me, by the affidavit of William Conway, the plaintiff in this cause, that on the 11th day of May, 1850, the said Conway recovered a judgment against James Hitchins, the above named defendant, before H. Stowell, Esq. one of the justices of the peace in and for the said county of Washington, for thirty-five dollars and seventy-one cents, and that a transcript of said judgment was filed and docketed in the office of the clerk of said county, on the 15th day of May last, and that on the 16th day of May thereafter, an execution was issued by the clerk of the said county, and delivered to the sheriff of the said county of Washington, which said execution has been returned by the said sheriff to the said Washington county clerk's office, wholly unsatisfied; and that the said James Hitchins, the above named defendant, resided in the said county at the time of issuing such execution, and still so resides.    Now therefore, on motion of F. Park, attorney for the above named plaintiff, it is ordered that the said defendant, James Hitchins, appear be-

fore Horace Stowell, Esquire, a justice of the peace of the said county, by me hereby appointed a referee to take and certify to me the examination of the said James Hitchins, at the office of the said Horace Stowell in the village of Whitehall, in said county, on the 8th day of June instant, at nine o'clock A. M. and make a discovery on oath concerning his property. And it is further ordered that the said James Hitchins be restrained from assigning, secreting or disposing of his property or effects, after the due service of a copy of this order, until the final order of this court in these supplementary proceedings to the said ex- ecution. Dated Granville, June 7, A. D. 1850.

MARTIN LEE, county judge of Washington county."

The defendant gave notice of a motion, for the last July gen- eral term of this court, to set aside the last mentioned order of the county judge, and all subsequent proceedings founded there- on, for irregularity, stating in his notice in substance the fol- lowing grounds : 1st. That the affidavit on which the order was granted did not show jurisdiction in the justice, to render the judgment. 2d. That the judgment had been appealed from. 3d. That the county judge had no power to make an order of reference in this case. 4th. That supplementary proceedings under the code could not be founded on a judgment, when a tran- script was filed. 5th. That the judgment was not properly provable by affidavit of the plaintiff, but should have been proved by an exemplified copy. 6th. That said order was made ex parte, and there were not eight days between the date and return.

The affidavit on which the present motion was founded, stated that the judgment before the justice was obtained on the return of an attachment, not personally served, and that no summons was issued by the justice, as required by the 38th section of the non-imprisonment law. (*Laws of* 1831, *p.* 404.) That the property seized under the attachment was of the value of $70. That the judgment before the justice had been duly appealed from to the county court, and the papers served on the justice on the 29th May, 1850, and that the order to appoint a referee was obtained ex parte and without notice.

The opposing affidavits showed that the defendant appeared

before the justice on the return of the attachment, and pleaded to the action, and the cause was tried and judgment was given on the whole merits on the 11th of May, 1850; that an execution was issued thereon by the justice to the same constable who served the attachment, who returned it nulla bona, &c. and that the property taken on the attachment did not belong to the defendant; that on the 13th of May, 1850, a transcript of the judgment was sent to the county clerk's office, and filed on the 15th of May, 1850. That the defendant did not serve his affidavit of appeal on the justice until the 31st of May, and did not give the security required by the code (§§ 355, 356, 357,) to entitle him to a stay of the proceedings.

*Gibson & Davis,* for the defendant.

*F. Park,* for the plaintiff.

*By the Court,* WILLARD, J. The appearance of the defendant before the justice, by attorney, on the return of the attachment, superseded the necessity of a summons to the defendant, and gave the justice jurisdiction of the cause. This is necessarily implied from the language of the 38th section of the act to abolish imprisonment for debt in certain cases. (*Laws of* 1831, *p.* 404.) The objection that property was seized under the attachment sufficient to satisfy the judgment, is answered by the return of the constable, that it did not belong to the defendant, and by the return of the sheriff, that the defendant had no goods and chattels, &c. The appeal, not having been followed up by the undertaking required by the code, (§§ 355, 356, 357,) did not operate as a stay of any further proceedings which the plaintiff might elect to pursue, in order to enforce the collection of the judgment.

It is urged that the code does not authorize proceedings supplementary to an execution when the judgment was rendered by a justice of the peace, and a transcript has been filed in the office of the county clerk. There is no force in this objection. The 292d section, by necessary implication, places a judgment of a justice, of which a transcript has been filed, on the same footing

with a judgment of a court of record. The 63d section declares that such judgment shall be a judgment of the county court; and the 64th section requires the execution issued thereon to be directed to the sheriff, and to have the same effect as other executions and judgments of the county courts, except as provided in section 63. The chancellor, in *Dix* v. *Briggs*, (9 *Paige*, 595,) intimated that a justice's judgment, docketed in the county clerk's office, followed up by an execution returned unsatisfied, would maintain a creditor's bill.

It is insisted also that the affidavit on which the order was made does not show enough to give jurisdiction to the justice to render the judgment. The same objection was taken by the defendant in *Dix* v. *Briggs*, (*supra*,) that it was not averred in the bill that the justice had jurisdiction of the suits in which the judgments were rendered. The chancellor did not pass upon the objection, any farther than to remark, that the general rule unquestionably is, that in pleading a right acquired under the judgment of an inferior court, of limited jurisdiction, sufficient should be stated to show that such court had jurisdiction to render such judgment. It is true the affidavit on which the order was obtained, takes the place of the former creditor's bill; but still it is not a pleading. But if it were, the code has abolished all the ancient forms of pleading. (§ 140.) And by the 161st section it is expressly enacted, that in pleading a judgment of a court of special jurisdiction it shall not be necessary to state the facts conferring jurisdiction, but such judgment may be stated to have been duly given. If such allegations be controverted, the party pleading shall be bound to establish on the trial, the facts conferring jurisdiction. This case falls within this provision of the code. The plaintiff has shown the facts conferring jurisdiction, and that the judgment was correctly given. This is a sufficient answer to the objection. The affidavit appears to be in substance conformable to the requirements of the code.

Again; it is objected, that under the 292d section of the code, the judge, before granting the order, should have PROOF *of such return* of the execution. It is insisted that the affidavit of the creditor is not "proof;" that "proof" means legal evidence.

The original provision on this subject, as reported by the commissioners on practice and pleading, and adopted by the legislature in 1848, (*Sess. Laws of* 1848, 543, § 247 ; *and* 1*st Rep. of Com. p.* 201, § 247,) did not specify the evidence upon which the creditor might obtain the order from the judge. It was, however, in practice, obtained upon the affidavit of the creditor, or his attorney. The amended code enlarged the power of the judges, in this class of summary proceedings, and though still extremely defective in its details, it is far more comprehensive in its provisions than the code of 1848. By comparing the different sections together, it would seem that by *proof*, in the first part of section 292, the legislature meant the same as "proof by affidavit" in the second subdivision of the same section, and by "an affidavit," in section 294. No reason can be imagined why the proof under the first subdivision of section 292 should be by record evidence, or the testimony of a disinterested witness, and that under the second subdivision be satisfied with the *affidavit* of the creditor, or his agent or attorney. Nor is there any reason in the nature of things why the proof under section 292 should be different from that under section 294.

It may not be amiss to look at the question upon authority. In *Brown* v. *Hinchman,* (9 *John.* 75,) the plaintiff obtained a warrant from a justice of the peace, under the then statutes for recovering debts to the value of twenty five dollars, *upon his own oath.* A question arose on certiorari whether a justice had jurisdiction to issue the warrant on the oath of the party. The 4th section of the act of 1808, (*Laws of* 1808, *p.* 376, *ch.* 204,) enacts that if the plaintiff " shall prove to the satisfaction of the justice that the defendant is about to depart," &c. he may have a warrant. The court said *proof* here means legal evidence, and that can not be the party's own oath, unless the statute expressly says so. The legislature at the next session (*Laws of* 1809, *ch.* 186, *p.* 568, § 1,) so altered the 4th section of the act of 1808 as to allow the issuing of a warrant on the oath of the plaintiff, provided he stated in his affidavit the facts and circumstances within his knowledge, showing the grounds of the application, whereby the justice might the better judge of the neces-

Conway v. Hitchins.

sity and propriety of issuing such warrant. The case of *Terry* v. *Fargo*, (10 *John.* 114,) arose under the law as amended, and it was held that the oath of the party was sufficient to entitle him to a warrant, without requiring the oath of a disinterested witness. But the legislature did not alter the 21st section of the act of 1808, which provides for the issuing of an attachment on "satisfactory proof being offered." The court held under that section, in *Van Steenburg* v. *Kortz*, (10 *John.* 167,) that the affidavit of the creditor was not the " satisfactory proof" intended by the act. And in *Vosburgh* v. *Welch*, (11 *John.* 175,) they held that the proof required for the issuing of an attachment must be such as would be received in the ordinary course of legal proceedings ; otherwise the justice would be liable as a trespasser.

The foregoing cases are distinguishable from the present, in this ; that in the former, the proceeding was *before* judgment, and contemplated the immediate arrest of the defendant, or seizure of his property ; whereas in the latter the debt had already been established, and the order did not contemplate the arrest of the defendant, but merely his examination concerning his property. There were, therefore, stronger reasons in those cases than in the present, to hold the creditor to strict proof of his demand, and of the facts which would entitle him to the process. Those, too, were cases of ordinary actions ; this is a mere special proceeding, and not an action. The policy of the code, moreover, has been, throughout, subversive of the former rules of evidence, and has favored the substitution of the oath of the parties, for proof, in numerous instances. In all the cases of proceedings supplementary to execution which are reported, and in all which have fallen under my notice, the order contemplated by the first subdivision of section 292 has been obtained upon the ex parte affidavit of the creditor. The general sense of the courts and of the profession affords strong evidence of the meaning and intent of the law. It is believed therefore, that the affidavit in this case was sufficient.

It has been strenuously urged that a county judge has no power to appoint a referee, under the first subdivision of § 292,

but is bound to take the examination in person. The argument is based upon the peculiar phraseology of the first paragraph of the section. Thus it enacts that the creditor, on proof, &c. "shall at any time be entitled to an order from *a judge of the court*, or a county judge, of the county to which the execution was issued, requiring such judgment debtor to appear and answer, concerning his property, before such judge, or a referee appointed *by a judge of the court*, at a time and place specified in the order." It is argued that the term "*judge of the court*" is put in opposition to county judge, and by implication that the former only can appoint a referee. This clause in the 292d section was quite superfluous, as the 300th section gives ample power to the judge to order a reference to a referee agreed upon or appointed by him, to report the evidence or the facts. This section obviously applies to the judge before whom the proceeding is pending, whether he be a judge of this court, or the county judge. The other sections in this chapter make no distinction between the power of a judge of this court and a judge of the county court, in administering the remedies it prescribes. Both seem to be placed on the same footing. It is believed, therefore, that the county judge has the same power to appoint a referee under chapter 2 of title 9 of the code, as is possessed by a judge of this court.

It is objected that the referee was appointed by the county judge on the ex parte application of the creditor, and without notice to the defendant. The code is silent on this subject. The cause must therefore be decided by the general principles and the analogies of the law.

Remedies in the courts of justice are by the code divided into 1st, actions, and 2d, special proceedings. An action is defined to be an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense. (*Code,* §§ 1, 2.) All or any of the issues in an action, whether of fact or law, may be referred upon the written consent of the parties. (*Code,* § 270.) And they may be referred in various other cases without such consent. A mo-

Conway v. Hitchins.

tion for a reference in *an action*, it is conceived, is a non-enumerated motion as defined by rule 35, and must be made at a special term, under a notice of eight days to the adverse party, according to § 402 of the code. There may also be a reference in an action to assess damages, to compute the amount due upon a mortgage, and to take proof in divorce cases, and the like. In such cases, when the defendant has not appeared by attorney, it is believed that the referee may be appointed by the court, on the ex parte motion of the plaintiff. The practice of the court of chancery did not require the service of notices or papers in the ordinary proceedings in a cause, on a defendant who had not appeared therein. (*Rule* 16 *of Ch. Walworth. Isnard* v. *Cazeaux,* 1 *Paige,* 39. *Hart* v. *Small,* 4 *Id.* 177. *Rose* v. *Woodruff,* 4 *John. Ch.* 547. 1 *Barb. Ch. Pr.* 569.) Thus it is conceived, that under the 2d subdivision of § 246, a referee may be appointed, without notice, the defendant not having appeared in the action.

A reference may be ordered in a special proceeding. The reference under chapter 2 of title 9 is of that character. That which is granted under the first subdivision of section 292, does not impart to the referee the power of deciding the *whole*, or any *part* of the cause. It merely clothes him with authority to take the examination under oath, of the defendant in the execution, concerning his property, if he shall submit to such examination, and to report the same to the judge by whom he was appointed. The referee thus appointed has no power over the person or the property of the defendant. He is the mere instrument in the hands of the judge, by whom the examination of the former can be taken, without subjecting him to the delay and expense of a personal appearance before the latter. Has the judge no power to appoint a referee under the first clause of section 292, without first requiring notice to be given to the defendant? This is the question, which is now for the first time presented for our decision. The practice has hitherto been for the judge to name the referee in the order for the examination of the defendant. That practice is the most convenient for all parties. It can work no injustice to the defendant. It is not in conflict with any requirement of the code; and is in harmony with the former prac-

Conway v. Hitchins.

tice, in analogous cases. Should a referee be appointed who was legally disqualified to act, the defendant could show the fact in answer to proceedings under § 302, instituted to punish him for refusing to appear and submit to an examination. In analogous cases under creditors' bills, the defendant had no voice in selecting the master before whom he was required to submit to an eximination concerning his property. The master was appointed by the court, without notice to the defendant. (*See* 191*st Rule of Ch. Walworth.*) The referee in this case takes the place of the master. He is appointed on the motion of the judge, and in part for his own convenience; and in such cases no notice need be given. This is the practice when a referee is appointed by the court *on its own motion,* under § 271. Such, too, was the former practice, when a judge ordered a reference during the progress of the trial.

This disposes of all the objections which have been raised to the order of the county judge. They have been treated as if the cause was properly before the court. The creditor not having objected to the mode of considering the question, it has not been deemed expedient to dismiss it upon a mere question of form. But it is not improper to observe in conclusion, and for the purpose of not having the case cited as a precedent hereafter, that it was irregular to bring this question up as a non-enumerated motion, at a general term. The remedy of the defendant, if the order of the county judge was erroneous, was to apply to him to vacate or modify it. As the order was granted ex parte and out of court, he could vacate or modify it without notice. (§ 324 *of Code.*) If the judge refused so to do, and the order was erroneous, the defendant might probably have appealed under § 349. An order made by a county judge in this case could be reviewed in the same manner as if made by a judge of this court. (*Code,* § 403.)

The motion therefore must be denied, with ten dollars costs.