## SUPREME COURT.

### .HATCH AND HATCH agt. WEYBURN.

In proceedings supplementary to execution, where an execution has been returned unsatisfied, a judge has no power to make an order that the defend-
ant *appear before a referee*, for the purpose of an examination as to his pro-
perty, under § 247 of the Code.

The order must require the defendant to appear *before the judge* granting it,
in the first place; otherwise, no jurisdiction is obtained over the *person* of
the defendant.

Where the proceeding is founded upon the return of an execution against the
property of the debtor unsatisfied, it is not necessary to state in the affidavit
*that the defendant has property*. The creditor is not required first to show
that the defendant has property in order to proceed with an examination.

*Niagara General Term, February* 1853—MARVIN, *P. J.*, TAGGART and MULLETT, *Justices*. Appeal from two orders made by the county judge of Wyoming county in proceedings supple-
mentary to execution.

The plaintiffs recovered judgment in this court against the defendant for $78·97. Execution was duly issued and returned wholly unsatisfied.

The county judge upon an affidavit made an order, July 17, 1852, requiring the defendant to appear before a referee appointed by him, to take the examination of the defendant and other wit-
nesses, on the 22d day of July, and to make disclosures on oath concerning his property. The defendant was summoned and appeared before the referee and objected to the proceedings; that the affidavit was insufficient; he did not specify wherein; that the judge had no right to appoint a receiver; that the order did not require the referee to report to the judge, either the evidence or the facts. The objections were overruled, and the referee proceeded in the examination and reported the evidence and proceedings to the county judge, July 27, 1852. The county judge, August 17, 1852, after hearing counsel for the respective parties, ordered an allowance to the plaintiffs for their disburse-
ments and costs in the proceedings, $21·38. He also made another order appointing a receiver of the property of the defend-

ant.   These two orders, made August 17, were duly entered with the clerk of the county, August 23, 1852, and on the 27th August the defendant appealed to this court from these orders.

The county judge certified that on the hearing of the report of the referee, the defendant objected to the regularity of the proceedings, and moved that they be dismissed.   The objections were, 1. That the affidavit upon the order appointing the referee, and directing the defendant to appear and make disclosures, &c., contained no allegation that the defendant had property. 2. That it was irregular to appoint a referee before the defendant *had appeared before the county judge*, and that the order did not direct the referee to report.   The county judge overruled the objections and made the orders of the 17th August.

> WM. MITCHELL, *for Appellant.*
>
> G. L. WALKER, *for Respondents.*

By the Court, MARVIN, Justice.—The order of July 17, *appointing a referee* and directing the defendant to appear before him, was improperly granted. By the first Code, 1848, § 247, the judge was authorized to make an order that the debtor appear and make disclosure on oath concerning his property, *before such judge.* By the amendments of 1849, to this section, the judge could order the debtor to appear " before *such judge or a referee* appointed by a judge of the court " (§ 292).   Under this provision it was held in Conway vs. Hitchins (9 *Barb. R.* 384-5), that the county judge could appoint the referee and order the debtor to appear before him.   But by the amendments of 1851, the original provision upon this point is restored.   The order now must direct the debtor to appear *before such judge.* The words " or a referee appointed by a judge of the court " are omitted.

The proceeding in this case was under the first clause of § 292, authorizing the order, when an execution has been issued against the property of the debtor to the proper county, and returned unsatisfied in whole or in part.   The affidavit upon which the order was made in this case, contains all the facts required by that part of the section of the Code under which the proceeding was had.   In Tillow vs. Vire (1 *C. R.* 130), Judge DALY held that the affidavit must state positively that the defendant has

property and must specify of what the property consists. In Jones vs. Sawlin (1 *C. R.* 94), it is stated by the reporter, in a note, that it had been held by all the justices (Superior Court), that the affidavit must state that the debtor has property of some kind, which ought to be applied to the debt, and which has not been reached by the execution; or some equivalent allegations.

In Hough vs. Kahlin (1 *C. R. n. s.* 232), Judge DALY overruled the objection that the affidavit did not show that the defendant had property, and stated that orders thereafter would be made without the allegation of property. In Conway vs. Hitchens (9 *Barb.* 378), the affidavit did not contain the allegation of property. No objection was taken to the affidavit on this ground, though many others were taken.

In Lindsay vs. Sherman (5 *How. Pr. R.* 308), the affidavit contained no allegation of property.

When the proceeding is founded upon the return of an execution against the property of the debtor unsatisfied, it is not necessary to state in the affidavit that the defendant has property. The statute has specified the facts and terms upon which the creditor is entitled to the order, and the court or judge has no right to require the production of other facts. We have no right to conform the statute to the practice of the late Court of Chancery upon a creditor's bill, or to the requirements of any other statutes touching proceedings by creditors against debtors.

This statute specifies the facts, and when they are made to appear the creditor is entitled to the order. In my opinion, the legislature intended upon the return of an execution unsatisfied to subject the debtor, at the instance of the creditor, to answer concerning his property, without requiring the creditor to show that he had property, as the next provision of the section, authorizing an order to be made *before the execution* has been returned, requires proof by affidavit, that the judgment debtor *has property which* he unjustly refuses to apply to the satisfaction of the judgment. There is a propriety in the distinction between the two cases. The affidavit in the present case was sufficient. It authorized the county judge to make an order that the defendant appear *before him* at a time and place to be specified. He did not, however, make such an order, but an order that the de-

fendant appear before D. L. G. at his office, whom the judge, in the same order, appointed referee. Had this order been properly brought before the court there could have been no hesitation in setting it aside. This order however is not appealed from. The defendant appeared before the referee and there raised the objection; he then waits until the report of the referee is made, and then raises the objection in answer to motions for costs, and for the appointment of a receiver, and the appeal is from the orders giving costs, and appointing a receiver.

I see no objections to the order appealed from, provided the first order and the proceedings under it are valid.

The judge is authorized to allow witnesses' fees, &c., as costs ($ 301), and to appoint a receiver ($ 298). But he can not make these orders until he has obtained jurisdiction of the subject matter and the *person of the defendant,* and although the affidavit was sufficient to enable the judge to proceed properly and obtain jurisdiction of the person of the defendant, he failed to do so by ordering the defendant to appear before another person. The defendant has never appeared before the judge. His counsel appeared upon the coming in of the report of the referee, and raised the objection. The order should have required the defendant to appear before the judge, and upon such appearance the judge may, in his discretion, order a reference to a referee agreed upon or appointed by him, to report the *evidence* or the *facts* ($ 300). This section is substantially the same as in the Code of 1848, when the judgment debtor was ordered to appear *before the judge,* and it seems to contemplate that the parties to the proceeding are before him. He may order a reference to a referee *agreed upon* or appointed by him.

In the amendments of 1849, as we have seen, the order might direct the appearance of the judgment debtor before him or a *referee* appointed, &c.; and the section (300) touching a reference was as it now is. In this state of the law it was very properly held in Conway vs. Hitchens, construing the sections together, that the referee might be appointed in the first order, before any appearance, and that the defendant might be directed to appear before the referee; but now, as the order must require the appearance before the judge, the statute is restored, as to the

Hatch and Hatch agt. Weyburn

question we are now considering, to its original condition and I think it quite clear from §300 that it was contemplated that the defendant, at the time of the reference should be before the judge.

It is objected that the orders are not appealable. In Lindsay agt. Sherman (5 *How. Pr. R.* 308), cited by plaintiffs' counsel, decided March 1851, a motion was made in this court in the first instance, to vacate the order to appear before the county judge, and Justice HAND was inclined to the opinion that an appeal from an *ex parte* order made at chambers, did not lie to the general term. He granted the motion to vacate at special term. In Conway vs. Hitchens, decided in 1850, a motion was made at general term, to set aside the order of the county judge. It was then said that the remedy was to apply to the county judge to vacate or modify his order (§ 324), and if the judge refused to vacate or modify, that then probably the party might appeal under § 349. These opinions were under the Code of 1849, by referring to which it will be seen that § 349 does not expressly include " proceedings supplementary to the execution;" these words are inserted in that section by the amendments of 1851, and however doubtful the question may have been under the Code of 1849, it is now clear that an appeal will lie. It is important that the provisions of the Code, existing at the time any decision is made, should be carefully observed. For the want of this care cases decided under a different state of the law, are constantly leading to error, and are cited as authority when, from the amendments which have been made, they have no application.

It is not necessary now to consider whether a motion may not be made *on notice* at a special term to vacate or modify the orders made in the supplementary proceedings, as held by Justice HAND in Lindsey agt. Sherman (5 *How. Pr. R.* 309). *See Code,* § 324.

In the present case the county judge not having obtained jurisdiction *over the person* of the defendant, to make the orders appealed from, they must be vacated and set aside with ten dollars costs.