## SUPREME COURT.

### E. Green agt. Bullard and Granger.

### Abm. Green agt. Same.

In *supplementary proceedings* the Code does not require that a copy of the *affidavit* should be served on the defendant, with the order forbidding a transfer of his property. That requirement relates to orders granted *in actions*, enlarging the time within which any proceeding may be had. (*Code* § 405.)

The *order* forbidding a transfer of a defendant's property, issued under § 298, is not called an *injunction* in the Code, and is a different proceeding from injunctions granted in *an action*, as a provisional remedy under *chap.* 3 § 218 *et seq.*

The restoration of the first clause of § 292 in the Code of 1851, to the form it was, under the Code of 1848, does not necessarily require the judge to summons the defendant in supplementary proceedings, *to appear before himself*, *in the first instance, before a referee can be appointed.* (*This is adverse to Hatch agt. Weyburn, ante* 163.) Sections 296 and 300 in the Code of 1851 are left as in the Code of 1849, and these sections are ample to confer the power of *appointing the referee at the same time that the order for an examination is made.*

The judge acquires jurisdiction of the subject matter and of the person of the defendant for all the purposes of the appointment of a referee, by the presentation to him of an affidavit containing the facts required by § 292, to be stated in it, and by the motion of the creditor for the order. (*See the authorities cited in the opinion.*) (*This is also adverse to Hatch agt. Weyburn, supra.*)

*Saratoga Springs, August,* 1853.—*Supplementary proceedings.*—The affidavit in the first above entitled cause, after stating the recovery of a judgment in this court, for $127,03,—the filing and docketing the same in this county—the issuing of an execution thereon, and the return thereof by the sheriff, wholly unsatisfied, proceeded thus: "And deponent further saith, that he suspects and believes that the defendant, Gardner Bullard, has property, or rights in action, or some interest held in trust for him, not by law exempt from execution, which might be applied in payment of said judgment, or some part thereof. And this deponent is apprehensive that in case an order for the examination of the defendant in the premises, shall be served, unaccompanied by an order restraining him from so doing, that he will dispose of his property or some part thereof, in such manner as to defeat the purposes of this application in respect thereto. And he prays for an order that the said defendant, Gardner Bullard, appear and make discovery on oath in the premises. And that an order of injunction may be made, restraining the defendant, Gardner Bullard, from so disposing of his property or any part thereof, as to defeat the purposes of this application.

Signed, &c.

Sworn July 3, 1853, }
    before, &c.      }

The affidavit in the other case was exactly the same, except it described another judgment.

Upon the above affidavits the plaintiff, by her counsel, applied to WILLARD, J., at Chambers, for the usual order for an examination, and for an order restraining defendant from transferring his property, which was granted, after reciting the affidavit in these words; "It is ordered that the defendant, Gardner Bullard appear before John H. White, Esq., who is hereby appointed referee for that purpose, at his office in the village of Saratoga Springs, on the 2d day of August next, at 10 o'clock A. M., and make discovery on oath concerning his property. And it is further ordered, that in the meantime, and until further ordered in the premises, the said defendant,

Gardner Bullard, be, and he hereby is restrained from selling, transfering, assigning, or in any manner disposing of any part of his property or rights in action, not by law exempt from execution. Dated Saratoga Springs, July 30, 1853.

JOHN WILLARD,
*Justice Sup. Court.*

This order was served on the defendant on the same day, by showing the original and delivering a copy. The like proceedings were had in the other case. It did not appear that a copy of the affidavit was also served. The defendant appeared before the referee and submitted to an examination under oath, without objection. Such part of the examination as is material will be stated in the opinion.

After the proceedings before the referee were closed and he made a report of the facts, the counsel by consent brought the matter before Judge WILLARD, upon cross motions.

The defendant's attorney moved to dissolve the order restraining a transfer of property, &c., 1st. Because the judge had acquired no jurisdiction over the defendant when the referee was appointed. (*Code*, § 292.) Hatch agt. Weyburn, (8 *How.* 163.) 2d. Because there was no sufficient affidavit authorizing the issuing of such order, and 3d. Because no affidavit was served with the order or injunction.

The plaintiff controverted the above points and moved for the appointment of a receiver, and for costs.

C. S. LESTER, *for Defendant.*

A. POND, *for Plaintiff.*

WILLARD, Justice.—The Code does not require that a copy of the affidavit should be served on the defendant, with the order forbidding a transfer of the defendant's property, in these supplementary proceedings. That requirement relates to orders granted *in actions*, enlarging the time within which any proceeding may be had. (*Code*, § 405.) Besides, an irregular service of the order, if there was any, was waived by appearance and submitting to an examination.

II. The order forbidding a transfer of the defendant's property, issued under § 298 of the Code, though sometimes spoken of as an injunction, is not so called in the Code, and is a different proceeding from injunctions granted in *an action*, as a provisional remedy under chapter 3, § 218 *et seq.* In the latter case the injunction must be granted at the commencement of the action, or at any time afterwards *before* judgment. ( § 220.) The copy of the affidavit, in this latter case, must be served with the injunction. There should no doubt be some reason appearing in the affidavit before the judge should forbid a transfer or other disposition of the property of a judgment debtor. The Code is silent as to what facts should be stated, and thus leaves each case to be disposed of by the sound discretion of the judge. I think enough was stated in this case to justify this temporary order.

III. The main objection is, however, that the judge had no right to appoint a referee until after the defendant was brought personally before him. The Supreme Court in this district, held, in Conway agt. Hitchins, (9 *Barb.* 378,) under the Code of 1849, that the judge could appoint a referee before the defendant was noticed to appear before him. In that case the defendant was ordered to appear before a referee appointed by the judge at the same time he made his order for the defendant to appear. I am not aware that that decision was ever questioned. The Supreme Court in the 8th District, (8 *How. Pr. R.*, 163,) approved of this decision as applicable to the Code of 1849, but think the change of the 292d section in the Code of 1851, has restored the practice under the Code of 1848, and taken indirectly from the judge, the power of appointing a referee until the defendant has been first required to appear before the judge, and has actually so appeared. The learned judge who delivered the opinion of the court, expresses the opinion, that the judge, before appointing a referee must first obtain jurisdiction of the subject matter and *of the person of the defendant.*

(1.) I think the learned judge errs in saying that the alterations made to the Code of 1849, by the Code of 1851, restores

the Code of 1848. The 247th section of the Code of 1848 prescribed that the order of the judge should require the judgment debtor to appear and make discovery on oath, concerning his property *before such judge,* at, &c. The 251st section provided that if the party or witness *resided in the county,* he should be required to attend before the judge; if in any other county, *before a referee,* &c., and in such a case, the examination should be taken by the referee and certified to the judge. Under this Code it is plain that a reference could only be appointed for the examination of the defendant, when he resided in a different county from the judge. The 255th section provided for a reference generally, to report the evidence or the facts; but this was not probably intended to cover the cases embraced in section 251.

The Code of 1849 so altered the first paragraph of section 292, that the judge's order might require the defendant in the first instance " to appear and answer concerning his property," before such judge, *or a referee* appointed by such judge. The 251st section of the Code of 1848, was so altered, (§ 296,) as to require the party or witness to appear before the judge *or referee,* whether the party or witness resided in the same county with the judge or not. And it retained the 255th section of the Code of 1848, (as § 300,) with a slight alteration, giving the judge power, at his discretion, to order a reference and requiring the referee to report the evidence or the facts. In our opinion, in Conway agt. Hitchins, (9 *Barb.* 385,) we treated the alteration in the first paragraph of section 292 as quite superfluous, and intimated that section 300 gave ample power to appoint a referee in that case. That case was decided in September, 1850. In the revision of the Code in 1851, that clause of section 292 was altered and left as in the Code of 1848, but the sections 296 and 300 were left as in the Code of 1849. If it had been the intention of the legislature by the restoration of the first clause of section 292, to the form it was under the Code of 1848, to require the judge to summons the defendant to appear before himself, before a referee could be appointed, they should have altered section 296, and made it

conform to section 251, under the Code of 1848. By leaving section 296 and 300 as they were in the Code of 1849, they left the power of appointing a referee as it stood under that Code. Those sections are ample to confer the power of appointing the referee at the same time that the order for an examination is made. The learned judge, in Hatch agt. Weyburn, (*supra*,) did not have his attention drawn to the identity of section 296 in the Codes of 1849 and 1851.

(2.) I think the learned judge also errs in supposing that the judge does not acquire jurisdiction of the subject matter and the person of the defendant until the defendant has appeared before the judge. The judge acquired jurisdiction for all the purposes of the appointment of a referee, by the presentation to him of an affidavit containing the facts required by section 292, to be stated in it, and by the motion of the creditor for the order. Barnes agt. Harris, (4 *Com.* 375; 1 *Saund.* 87, 90, *n.* 1.) The matter which the defendant is required, by section 292, to do, before the judge, viz: " answer concerning his property," is precisely the matter proper to be enquired of before a referee, and which the referee under section 296 and 300 can take and certify to the judge. The referee has no control over the person of the defendant. He cannot compel an appearance nor punish him for a disobedience of orders. He must report to the judge who appointed him.

I think there was no error in the judge appointing the referee in the order issued requiring the defendant to be examined, and I shall therefore deny the motion of the defendant.

The motion on the part of the plaintiff to appoint a receiver may be granted. It is not suggested that any other proceeding against the judgment debtor exists, and I shall presume that these two cases are all that are now pending. The examination does not present a case authorizing me to make an order under section 297 requiring any particular articles of property to be applied on the execution. The receiver may, if he shall be so advised, redeem the watch that is spoken of, or may contest the right of the claimant to it. He can also collect such debts as may be justly due to the debtor, but he can not reach

the debts, if any, that are due to the firm of which he is a member, without a copartnership account is first taken. The plaintiff is also entitled to costs, which I will adjust on being furnished with a bill.