## SUPREME COURT.

### WILSON & CALKINS agt. ANDREWS.

### SAME agt. SAME.

In supplementary proceedings, under the *first sub. of* § 292 *of the Code*, (1851,) a judge has no authority to grant an order for a judgment debtor to appear before such judge and answer concerning his property, at a time and place specified in the order, *out of the county to which the execution was issued.*

But under the *third sub.* of the same section (292) a justice of the supreme court has authority, at chambers, to *issue a warrant* for the arrest of a judgment debtor residing in the same judicial district, *but in a county different from that in which the judge resides,* to be brought before such judge for examination, &c. As a matter of expediency, however, this power should not be exercised, in case where the judgment debtor resides in a distant county, unless to prevent a failure of justice.

Where the judge at chambers, at Saratoga Springs, made an *order* for the examination of the judgment debtor who resided in the county of Essex, (and where the execution had been issued,) under § 292 of the Code; and an *order* forbidding a transfer or other disposition of his property, not exempt from execution, under § 298; also issued a *warrant* under the *third sub. of* § 292, and the orders and warrant were served, and the defendant brought before the judge; *held,* that although the order under § 292 for the examination of the defendant was irregular, and was therefore set aside, yet that did not affect the order forbidding the transfer of property—that still remained in force. Nor did it affect the warrant.

And the judge had a right under the warrant to appoint a *referee,* who might reside out of the county of the judgment debtor. (§ 295–300.) Also a *receiver* might be appointed, based upon the facts disclosed on the examination of the debtor brought up on the warrant.

*At Chambers, November,* 1853. On the 17th October last, the counsel for the plaintiffs presented an affidavit setting forth

the recovery of two judgments in the supreme court against the defendant; the issuing of executions thereon against the property of the defendant to the sheriff of. Essex county, being the county where the debtor resides, and where said judgments were docketed, and the return of the same by said sheriff wholly unsatisfied, and alleging that the defendant had property which he unjustly refused to apply on said judgments, and that there was danger that the debtor would leave the state, setting out the reasons, &c.; and setting forth also, that there was danger, if an order should be served on the defendant, requiring him to appear and answer, instead of a warrant, he would dis- regard the same and avoid the service of process upon him thereafter, and alleging that said judgments were still due, &c.; and the counsel thereupon applied-for an order for the examin- ation of said defendant, under § 292 of the Code, an order for- bidding a transfer or other disposition of his property, not ex- empt from execution under § 298, and. a warrant under the 3d subdivision of § 292. The judge made the order for the defend- ant's examination, and the order forbidding a disposition of his property, and also issued his warrant under the 3d subdivision of § 292, to the sheriff of Essex county, requiring him to arrest the said defendant and bring him before the said judge to be dealt with according to law. This order was issued at Saratoga Springs, in Saratoga county, the residence of the judge.

The defendant was arrested by the sheriff of Essex county, and brought before the said judge, at his office in Saratoga Springs, at which place it was returnable, and the plantiff's counsel thereupon moved that a referee be appoin. d to report the examination and evidence to the judge.

It appeared that the order for examining the defendant, and the order forbidding a transfer of property, were both served on the defendant.

The defendant's counsel moved to set aside the warrant, and for the discharge of the defendant, on the following grounds :—

1st. That the procuring and serving an order for the examin- ing the defendant was a waver of the warrant, and that no warrant could be issued while said order was in force.

2d. That the defendant cannot be taken under these proceedings out of the county of Essex, to the sheriff of which the execution was issued, and where the defendant resided, and that the warrant is therefore void, so far as it requires the defendant to be taken out of the county of Essex.

3d. That the judge, though a justice of the supreme court, had no jurisdiction over the person of the defendant out of Essex county.

4th. That the judge has no authority to appoint a referee at all, and especially not to appoint one residing out of Essex county.

The judge decided that there was no occasion to examine the defendant under the order, if he was examined under the warrant. He appointed a referee to take the examination of the defendant, and observed, that on the coming in of his report, he would hear the foregoing questions more fully argued, and any others that might be raised, and decide the whole case together.

On the 26th October, the report of the referee was brought in, and the whole case was argued, both on the objections above stated and on the facts appearing on the examination. The counsel for the plaintiffs moved for the appointment of a receiver. The judge, on motion of the defendant's counsel, upon the facts appearing in the examination, discharged the defendant out of custody, and held the residue of the case under advisement until this day.

A. Pond, *for Plaintiffs.*
Geo. G. Scott, *for Defendant.*

Willard, Justice.—The first question is, whether a justice of the supreme court has authority at chambers to issue a warrant under § 292 of the Code for the arrest of a judgment debtor residing in the same judicial district, but in a county different from that in which the judge resides. If this power be not possessed, there will be many cases in which § 292 cannot be executed. If no justice of the supreme court resides in the county of the debtor, and the debtor happen to be related

to the county judge, or the latter is interested in the question, the creditor is remediless under this section. Although this is not a good reason for the exercise of authority where none is conferred, it is a good ground for believing that it has not been intentionally omitted, if it has been omitted at all.

The first branch of the section relates to the examination of the debtor after the return of an execution unsatisfied, in whole or in part. Under the Code of 1848, if the judgment debtor resided in the county where the judge resided, he must be required to attend personally before the judge; if in any other county, before a referee, who was required to certify the examination to the judge. (§ 247–251.) The Code of 1849 so altered this part of the section, as to require the debtor to appear before such judge, or a referee appointed by a judge of the court, at a time and place specified in the order. Under this section the judge appointed a referee, whether the defendant resided in the county of the judge or not—and he might be required to appear before the judge, whether he resided in the same county or not. (*See* 9 *Barb.* 378.) But the Code of 1851 has so altered this section, that the order for the defendant to appear and answer concerning his property must be before such judge, at a time and place specified in the order, *within the county to which the execution was issued.* The order in this case was irregular, in requiring the defendant to appear before the judge at his Chambers in Saratoga Springs, and it was, therefore, properly set aside. But that did not affect the order forbidding the transfer of property. That still remained in force. Nor did it affect the warrant, which was clearly supported by a sufficient affidavit.

The second subdivision of the section provides for the examination of the debtor *after* the issuing of the execution, and *before* its return. As these proceedings were not under that part of the section, I will proceed to the third subdivision of the section, which is an alternative proceeding to both the others. It provides that instead of an order requiring the *attendance* of the judgment debtor, the judge may, upon proof by affidavit

Wilson & Calkins agt. Andrews.

or otherwise to his satisfaction, that there is danger of the debtor's leaving the state, or concealing himself, and that there is reason to believe he has property which he unjustly refuses to apply to such judgment, issue a warrant requiring the sheriff of any county where such judgment debtor may be, to arrest him and bring him before such judge. Upon being brought before the judge, he may be examined on oath, and if it then appears that *there is danger of the debtor's leaving the state, and that he has property which he has unjustly refused to apply to such judgment*, he may be ordered to enter into an undertaking with one or more sureties, that he will from time to time attend before the judge as he shall direct, and that he will not, during the pendency of the proceedings, dispose of any portion of his property, not exempt from execution. In default of entering into such undertaking, he may be committed to prison, by warrant of the judge as for contempt.

The third subdivision does not, like the first and second, specify what judge may take cognizance of the case. Of course any judge within his jurisdiction may administer the act. It would be idle to confine it to a judge residing in the county of the debtor, when the latter is in his flight to another state, and is passing through another county. Hence the warrant requires the sheriff of *any county where such debtor* may be, to arrest him and bring him before such judge; that is, the judge who issued the warrant. As a matter of expediency, a justice of the supreme court should not order a debtor to be arrested and brought before him from a distant county, unless to prevent a failure of justice. The question in this case is not, whether in the given case the power was indiscreetly exercised, but whether the judge had any power at all. I think he had the power.

The granting an irregular order for examining the judgment debtor under the first subdivision was no waiver of the warrant. It was entirely harmless and was not carried into effect, but revoked by the judge.

The foregoing remarks dispose of the three first objections taken to the proceedings under the warrant.

The next objection relates to the power of appointing a referee to take the examination of the judgment debtor. Under the Code of 1848, there was no provision for the arrest of the debtor, save what is contained in the act of 1831 to abolish imprisonment for debt, and to punish fraudulent debtors. (*L. of* 1831, *p.* 396.) The Code of 1849 introduced the warrant, when it was made to appear that there was danger of the debtor's absconding, and made provision for his examination before the judge, or a referee. The Code of 1851, § 292, required, before granting the warrant, that it should be made to appear that there is danger of the debtor's leaving the state or concealing himself, and that there is reason to believe he has property which he unjustly refuses to apply to such judgment. Upon being brought before the judge it is further provided that he may be examined on oath, &c. The 192d section is silent as to a referee, but the 295th section enacts that the party or witness may be required to attend before the judge, or before a referee, appointed by the court or judge : if before a referee, the examination shall be taken by the referee, and certified to the judge. And provision is also made for taking such examinations under oath. This provision is general, and obviously refers to an examination under a warrant as well as to other examinations. This section is a revision and enlargement of the 251st section of the Code of 1848. The 300th section also authorizes the judge, in his discretion, to order a reference to a referee agreed upon or appointed by him, to report the evidence or the facts.

The judge, therefore, clearly had a right to appoint a referee, and there is no provision requiring him to be a resident of the county of the debtor. The principle on which Sherwood agt. Tremper (11 *J. R.* 406) was decided, is inapplicable to a reference in supplemental proceedings.

It remains to inquire whether a receiver may be appointed, based upon facts disclosed on an examination of the debtor, brought up on a warrant. The 298th section, authorizing the appointment of a receiver, is general in its provision, and extends to this case. The object of the warrant is to secure the

NEW-YORK PRACTICE REPORTS. 45

defendant from absconding, and thus to compel an examination. If the facts be such that a receiver is necessary to complete the remedy, he may be appointed as well upon an examination under a warrant, as under an order.

But I see no object in appointing a receiver, except to preserve the property, since the creditor by an action in the nature of a creditor's bill, in which the assignee of the judgment debtor should be made a party, can better assail the assignment than the receiver. Besides, the question whether a receiver represents the creditors, and can maintain an action to set aside a fraudulent assignment, is still pending in the court of appeals undecided. I will, however, if desired, appoint a receiver.