## NEW-YORK COMMON PLEAS.

HOBART ONDERDONK agt. JAMES EMMONS and GEORGE KUHN.

On an appeal from the marine and district courts to the common pleas in the city of New-York, the *undertaking* required by section 354 (as authorized by an amendment in 1858), to render the appeal effectual in any case, and for the costs, disbursements and extra costs in the court below, and the costs and damages awarded against the appellant upon the appeal, on affirmance of the judgment, was designed to be a distinct and different undertaking from, and not intended as a substitute for, the undertaking to be given to stay execution, required by sections 355 and 356.

The latter undertaking embraces whatever is included in the judgment below, or which may remain due after the return of the execution which has been issued upon it. The former undertaking extends only to the costs, disbursements and extra costs which form a part of the judgment in the court below, and the costs and damages awarded against the appellant upon the affirmance of the judgment by the court.

Where the judgment of the court below is merely *affirmed* by the appellate court, the undertaking given under section 354 does not authorize the amount of the judgment given in the court below to be included as *damages* in the judgment entered in the appellate court, and execution thereon. All that the respondent is entitled to enforce in the appellate court, on such affirmance, is, the amount of the costs and disbursements and extra costs included in the judgment below, and the costs of the appeal.

There may be cases in which *damages* may be awarded against the appellant by the appellate court, upon affirmance, as provided by the undertaking under section 354, but an ordinary case of affirmance, merely, does not include them.

*New-York General Term, July, 1859.*
DALY, BRADY, *and* HILTON, *Judges.*

By the court—DALY, First Judge. This judgment was erroneous. Before the amendment of 1858, no undertaking

was necessary upon an appeal, unless the appellant desired a stay of execution, nor would an appeal stay an execution, unless an undertaking was given pursuant to section 356. (*Conway* agt. *Hitchins*, 9 *Barb.* 378.) By the amendment of 1858, it was declared that an appeal should be ineffectual, unless the appellant deposited with the clerk of this court the costs, disbursements, and extra costs embraced in the judgment appealed from, together with $15 to meet any costs that might be awarded against him, in this court, upon the appeal, or if such deposit was not made, unless he should execute an undertaking to the effect that he would, in the event of the affirmance of the judgment by the court, pay all costs, disbursements, and extra costs that had been awarded against him in the court below, together with all costs and damages that might be awarded against him upon the appeal in this court. The object of this provision is very plain. Before its enactment, the prevailing party in the court below had no security for the costs incurred by the appeal, but was left to collect them by an execution issued upon the judgment of affirmance in this court. If an undertaking was given to stay execution, that undertaking covered them, as the sureties undertook to pay any amount remaining unsatisfied upon the return of an execution, issued upon a judgment rendered against him, but unless there was such an undertaking, they were not secured to the party who had recovered the judgment in the court below. He might go on and collect the judgment in the court below, and if it was afterwards reversed, the appellate court would order him to restore what he had collected, with interest from the time of payment or collection. This provision for an undertaking or a deposit, to render the appeal in any case effectual, is a security not only for the costs upon the appeal, but also for costs and disbursements, incurred in obtaining the judgment in the court below. It does not operate as a stay of execution, for the 355th and 356th sections were left unchanged when this amendment was made, and they declare that if the appellant desire a stay of execution, he *shall* give the undertaking provided for in the 356th section.

It is fair to assume that if it was the intention of the legislature that the new undertaking should be a substitute for the former one, and should operate as a stay of proceedings, that they would have repealed the two sections referred to, but as they suffered them to remain, we must take the three sections together, and taking them together, it is observable that the two undertakings differ. In the new one, the liability of the sureties is fixed for the costs, disbursements, and extra costs in the court below, and the costs and damages awarded against the appellant, upon the appeal, the moment the judgment is affirmed. In the other or former undertaking, the sureties are not liable, unless an execution upon a judgment entered against the appellant is returned unsatisfied, when they are liable for the amount which may remain unsatisfied. In one case the return of an execution is essential, before they can be charged. In the other, their undertaking or promise is qualified by no such condition. As there is this difference, then, and as the 355th section is imperative that the undertaking provided for in the 356th section must be given to stay execution, it seems to follow that the new undertaking, provided for in the amendment of the 354th section, was designed to be a distinct and different undertaking, and not intended as a substitute for the other.

As the new undertaking must be given to render the appeal effectual in any case; and the other, if the appellant wishes to stay the execution, it is necessary to ascertain the exact extent and scope of the two instruments. As respects the latter one, there is no difficulty, as it covers any amount unsatisfied, after the return of an execution upon a judgment entered against the appellant. As it stays the issuing of an execution upon the judgment below, or all further proceedings, if one has been issued, thus preventing a return until the judgment of the appellate court has been given (*Smith* agt. *Allen*, 2 *E. D. Smith*, 259), it embraces whatever is included in the judgment below, or which may remain due after the return of the execution, which has been issued upon it. The new undertaking, however, extends only to the costs, disbursements, and extra costs

which form a part of the judgment in the court below, and the costs and damages awarded against the appellant, upon the affirmance of the judgment by the court. If the judgment is simply affirmed, costs are and must be awarded to the respondent (*Logue* agt. *Gillick*, 1 *E. D. Smith*, 398), and they are collectable by an execution issued upon the judgment of the appellate court, or may now be obtained by an action upon the new undertaking, which the appellant is in every case required to give. If no undertaking has been given to stay execution, under sections 355 and 356, the respondent proceeds and enforces his judgment by execution in the court below, and if one has been given, the stay is at an end, upon the affirmance of the judgment by the court, and he is then at liberty to proceed with his execution in the court below, and enforce that judgment. The costs awarded to him upon the appeal, he obtains by an execution in the court, or by an action against the sureties, who have became bound for their payment. But this new undertaking embraces, also, damages, which may be awarded against the appellant upon the affirmance of the judgment, and it appears in this case that the judgment entered in this court upon the affirmance of the judgment of the court below, after reciting that the respondent recovered judgment in the court below for $230 damages and costs, and that the judgment so recovered was duly affirmed by this court at general term, then declares that it is adjudged that the appellant do recover $230, the amount of said judgment, together with $15.16 for the costs and disbursements upon the appeal, amounting in the whole to $245.16. It is insisted that there is an award of $230 damages against the appellant upon the affirmance of the judgment, which is embraced in the undertaking given by the defendants, under the 354th section. I do not so regard it. This is simply a judgment of affirmance. It appears that the general term merely affirmed the judgment of the court below, which would not authorize an execution to be issued in this court, upon the judgment to enforce the payment of any sum but the $15.16 costs and disbursements upon the appeal. For all that appears in this case, the judg

ment below may have been paid and satisfied before it was affirmed.

But we are asked what is meant, in this new undertaking, by damages which may be awarded against the appellant upon the affirmance of the judgment, the answer to which is, that there may be cases in which it is necessary, and in which this court is empowered, to render judgment against the appellant, to be enforced as a judgment of this court, for a sum beyond the costs of the appeal, as for instance, under section 370, where, if a recovery be had by one party and costs be awarded to the other, we are required, as the appellate court, to set off the one against the other, and render judgment for the balance, which would necessarily be enforced as a judgment of this court, and if the balance was against the appellant, it would, in the language of this new undertaking, be an awarding of damages against him upon appeal. All that the plaintiff could recover below was $20.16. That is, $5 for the costs, disbursements, and extra costs included in the judgment below, and $15.16 costs of the appeal. For that amount the judgment should be affirmed, and reversed as to the residue.