### RULE v. GUMEER.

APPEALABLE ORDERS.— Under act of 1885, section 2, defining the orders from which an appeal might be taken, an appeal does not lie from an order issued in supplementary proceedings forbidding the transfer or payment by the execution defendants "of any property or indebtedness whereby said plaintiff may be hindered or prevented from obtaining so much thereof as will satisfy his judgment," etc. Such order is neither a final order nor an order refusing to dissolve an injunction, within the meaning of the section.

*Appeal from Fremont County Court.*

IT appears from the record in this case that October 15, A. D. 1885, appellee, Augustus R. Gumeer, recovered judgment against appellant, Gabrial F. Rule, and one Thomas N. Richards, as copartners, for the sum of $644.95; that execution was issued the same day, and delivered to the sheriff of that county, and on November 20, 1885, was wholly unsatisfied. On the day last named notice was given to appellant and his co-defendant that upon November 23d application would be made to the county judge for an order requiring them to appear and make answer concerning their property. This application was based upon an affidavit filed by appellee setting forth the recovery of the judgment, the issuance of the execution, that it remained unsatisfied, and that the appellant had certain property, which he refused to apply to the satisfaction of the judgment.

On November 23, 1885, an order was issued upon the application, requiring defendants to appear and answer, etc., on the 7th day of December, 1885, at the hour of 10 o'clock in the forenoon. The order contained the following provision: "And in the meantime, and until further order of said court or judge thereof, said Gabrial F. Rule and said Stephen J. Tanner are hereby ordered not to make any transfer or payment of any property or indebtedness whereby said plaintiff may be hindered, delayed or prevented from obtaining so much thereof as will satisfy his judgment, with interest and costs." After the service of the said order, and on December 9, 1885, appellant filed a motion to vacate so much of the order as is above quoted, upon the ground that the court was without jurisdiction or authority to make it. The motion was overruled by the court, and thereupon an appeal was taken from the order overruling the motion to this court.

Mr. A. MACON, for appellant.

Messrs. WALDO & BAKER, for appellee.

PATTISON, C. The proceeding in which the order was made which appellant sought to vacate was instituted under chapter 19 of the old code, relating to proceedings subsequent to execution. The only question presented by the record which need be considered by this court is whether the order appealed from was an appealable order under the act of 1885, relating to appeals to this court, which was then in force. It is not necessary to determine whether or not there was any authority for the preliminary restraining order.

Section 2 of that act defined the orders from which an appeal might be taken. It is manifest at a glance that the order appealed from in this case does not come within its provisions. It is neither a final order nor an order refusing to dissolve an injunction, within the meaning

of the section.   *Green v. Bullard,* 8 How. Pr. 313; 4 Wait, Pr. 141.

The appeal should be stricken.

RICHMOND and REED, CC., concur.

PER CURIAM.   For the reasons stated in the foregoing opinion the appeal is stricken from the docket.

*Stricken from Docket.*