RUMSEY, J.
(dissenting)"—Motions of this kind are addressed entirely to the discretion of the court, and they are not to be granted unless a state of affairs is shown to exist in Avhich justice requires it. They are not to be encouraged. A person asking for them seeks to get a privilege and exemption from the common rule, and, unless good reason is shoAvn why he should have it, his application should be denied. Moore v. Cooley, 2 Hill, 412; Isnard v. Cazeauz, 1 Paige, 39. One is authorized to prosecute as a poor person to aAToid a failure of justice, because he makes it appear to the court that, if he Avere not so authorized, he Avould be unable to maintain his action. Nothing of that sort has been made to appear. The plaintiff’s papers show that she has already commenced the action, and that she has procured a competent person, responsible for costs, to act as her guardian ad litem. There is no danger of any failure of justice because of a denial of this motion. The guardian, having accepted his trust, Avill be compelled to perform it.
The court properly exercised its discretion in denying the motion, and the order should be affirmed, with $10 costs and disbursements.
VAN BRUNT, P. J., concurs.