## Cuyler vs. Moreland and others.

No person is authorized to appeal from a decree or order of a vice chancellor unless he is injured or aggrieved by it. And a party who is aggrieved by one part of a decree only, cannot by appeal call in question another part of the decree in which he is not interested.

Where an execution against the property of the defendant in a judgment has been issued to the proper county, and has been returned unsatisfied, the plaintiff may file a creditor's bill, founded thereon, although he has subsequently issued a second execution to another county, and which execution has not yet been returned by the sheriff, if such execution has not been levied upon property belonging to the defendant sufficient to satisfy the amount due.

Where the right to file a creditor's bill once exists, by the return of an execution unsatisfied, if the defendant has property which is the proper subject of a sale on execution, but which has been fraudulently assigned or incumbered, and has other property which can only be reached by a bill in equity, the plaintiff may take out a second execution for the purpose of obtaining a specific lien upon the property which is a proper subject of sale on execution, and may then file his bill in chancery for the double purpose of removing the fraudulent obstruction to his second execution at law, and of having both species of the defendant's property applied to satisfy the judgment debt.

1837.

Cuyler
v.
Moreland.

The levy of an execution upon property of the defendant which is not suffi-
cient to satisfy the whole judgment debt, is only a bar to a scire facias, or
a suit upon the judgment, *pro tanto;* and such a levy cannot be pleaded in
bar of the suit or scire facias generally.

January 23.        THIS was an appeal from a decision of the vice chancel-
lor of the eighth circuit. The complainant having recovered
a judgment in the supreme court against the defendant James
Moreland, issued an execution thereon to the sheriff of Ontario
county, where the defendant then resided; which execution
was returned unsatisfied. Two or three years afterwards
he issued another execution to Monroe county, to which the
defendant had then removed, and where he was in posses-
sion of real and personal estate, which he denied to be his
when the sheriff came with the execution. The complainant
thereupon, and before the return day of the last execution,
filed his bill in this cause against J. Moreland, and his broth-
er Samuel Moreland, Fosmire, Burnet, and several debtors
of J. Moreland, stating these facts, and also charging that
the real and personal property in the hands and possession
of the judgment debtor or some interest therein was claim-
ed by S. Mooreland, Fosmire and Burnet; and that such
claims were fraudulent, and intended to cover the property
which really belonged to J. Moreland, and to keep it from
his creditors. The usual injunction upon a creditor's bill
was thereupon granted against J. Moreland; and the de-
fendants who were alleged to be his debtors, were enjoin-
ed from paying the amount of their several debts to him.
S. Moreland, Fosmire and Burnet were also restrained from
selling the farm or the personal property thereon. By the
answers of the two Morelands and Fosmire, it appeared
that the farm was purchased by the Morelands in 1835,
charged with bonds and mortgages for the purchase money
and other prior incumbrances, to the extent of several thou-
sand dollars, in favor of Burnet and others; and that a few
days before the issuing of the last executions, the Morelands
sold the farm to Fosmire, and received several of the notes
now held by them against other defendants in part pay-
ment, and took a bond and mortgage from Fosmire for the
residue of the purchase money beyond the amount of the

previous mortgages upon the premises; that Burnet had a mortgage upon a part of the personal property for the security of a bona fide debt; that a part of the sheep on the farm belonged to another person; and that the residue of the personal property had been divided between J. Moreland and his brother a few days before the filing of his bill; all which transactions were fair and bona fide. Several other matters of defence were set up by J. Moreland in his answer, but as they were in no way responsive to the bill it is not necessary to notice them here. Upon the coming in of this answer the Morelands and Fosmire applied to the vice chancellor to dissolve the injunction; and he dissolved it so far as it applied to the property of Fosmire and S. Moreland, but directed it be continued as to the residue of the personal property, choses in action and equitable interests set forth in the bill. From this latter part of the order of the vice chancellor, Fosmire and the two Morelands appealed to the chancellor.

*J. V. L. Pruyn*, for the appellants.

*M. T. Reynolds*, for the respondent.

THE CHANCELLOR. This appeal appears to have been improperly brought in the names of all these appellants jointly, as some of them appear to have no interest in reversing that part of the decision of the vice chancellor to which the appeal relates. No one can appeal from an order or decree who is not injured thereby. And even a party who is aggrieved by one branch of a decree does not thereby acquire a right to call in question another portion of the decree which has no bearing or effect upon his rights and interests. (*Steele* v. *White*, 2 *Paige's Rep.* 478. *Idley* v. *Bowen*, 11 *Wend. Rep.* 227.)

The principal question presented upon the merits of the case is, whether a judgment creditor, who has exhausted his remedy at law by the issuing of his execution to the proper county and having the same returned unsatisfied, loses his right to file a bill in this court, to reach the equitable interests and choses in action of the defendant, by sub-

sequently taking out a new execution and attempting to collect his judgment out of property which he has reason to suppose the defendant has since acquired ; and must wait until the new execution is also returned unsatisfied. If the last execution is actually levied upon property of the defendant sufficient to satisfy the judgment, to which property there is no adverse claim, and which ought to be applied in payment of the debt instead of proceeding against the equitable interests and choses in action of the defendant, in this court, it will unquestionably be a bar to a suit here. But a levy under the second execution, upon property which is not sufficient for that purpose, is only a bar to a suit or scire facias upon the judgment *pro tanto ;* and such a levy cannot be pleaded in bar of the suit or scire facias generally. (*Peploe* v. *Gallins,* 4 *J. B. Moore's Rep.* 163.) And it ought not to have the effect of delaying the complainant from proceeding to collect the residue of his judgment, from the other property of the defendant which cannot be reached by execution, after he has once exhausted his remedy by execution against the estate of the debtor. If the defendant has the means of paying the debt it is his duty as an honest man to apply his property for that purpose at once, instead of keeping his creditor out of his lawful due, whose family perhaps is suffering for the want of it. And if the defendant will not do what justice and equity requires of him in this respect, he has no right to complain that his creditor avails himself of any legal means to obtain satisfaction of his whole debt with the least possible delay. Where the right to file a creditor's bill in this court once exists, therefore, by the return of an execution unsatisfied, if the defendant has either real or personal property which is a proper subject of sale on an execution, but which is fraudulently transferred or incumbered for the purpose of protecting it from the execution of the creditor, and has other property which can only be reached by the aid of this court, the judgment creditor may sue out a second execution, so as to obtain a specific lien upon the property which is subject to sale thereon, and may then file a bill in this court for the double purpose of removing the obstruction

which has been fraudulently interposed against the execution at law, and also to reach other property of the defendant which cannot be sold on such second execution. The objection to the bill on the ground of multifariousness could not, therefore, prevail, even if the defendants had not waived it by neglecting to make any such objection in their answer. And as it is not alleged that the defendants' property levied on by the last execution, and against which no counter claims existed, was sufficient to pay the complainant's judgment, the vice chancellor was right in retaining the injunction against the equitable interests and choses in action of J, Moreland. It does not appear whether the farm sold to Fosmire, which is bound by the lien of the judgment, is actually worth more than sufficient to satisfy the liens thereon for the purchase money, &c. which are entitled to a preference in payment, But even if it was, the equitable interests and choses in action of J, Moreland ought to be applied to the payment of the judgment, instead of resorting to a sale of this farm in the hands of a bona fide purchaser.

That part of the decretal order of the vice chancellor which is appealed from must therefore be affirmed, with costs.