---

## SUPREME COURT.

### LILLIENDAHL agt. FELLERMAN.

The issuing of a *second* execution is not a waiver of supplementary proceedings commenced against the defendant, after the return of the first execution unsatisfied. A similar practice was authorized by the late court of chancery, after filing a creditor's bill.

*New-York Special Term, Sept.,* 1855.

MOTION by defendant to set aside order in supplementary proceedings.

——— ——— *for motion.*
——— ——— *opposed.*

CLERKE, Justice. Contrary to my first impressions, I now think that the issuing of a second execution is not a waiver of

Lilliendahl agt. Fellerman.

supplementary proceedings commenced against the defendant after the return of the first execution. These proceedings are a substitute for the creditor's bill, and are merely auxiliary to the ordinary legal method of enforcing the satisfaction of a judgment. To be sure, the Code, like the former law, contemplates that the ordinary remedy should be exhausted, before a recourse shall be had, in the first instance, to the supplemental remedy, and for this reason requires that an execution shall be returned unsatisfied, or that, after an execution has been issued, the defendant has property, which he unjustly refuses to apply towards the satisfaction of the judgment. But, this is not inconsistent with the right, after supplementary proceedings are commenced, also to issue another execution, if the judgment can be more readily or effectually satisfied in this way.

After filing a creditor's bill under the old system, the complainant might have taken out a new execution upon his judgment, and levy upon the property of the defendant; and should such property be insufficient to satisfy his judgment, he would not have been compelled to elect either to dismiss his bill, or abandon his execution.

In the case of *Salt* agt. *Lawson*, decided March 30, 1852, (4 *Sand. S. C. R.* 718,) it was held, in the superior court, that these rules of the court of chancery were as applicable to the examination of a debtor under the Code, as to the proceeding by a creditor's bill. In this view I am inclined to concur.

Motion to discharge order denied without costs.