The late case of *Churton* agt. *Douglass*, before Vice-Chancellor Wood, March, 1859 (1 *H. V. Johnson's Rep.* 174; *see Monthly Law Reporter for July*, 1859, *p.* 172), illustrates and supports the views now expressed.

The full protection of the property in the paper requires, however, that the receiver be empowered to carry it on until sufficient time is allowed to dispose of it advantageously.

The order for an injunction will be continued, except so far as it prohibits the defendant from publishing any paper, which will be omitted. A receiver will be appointed with the usual powers, and is to be authorized to edit and publish the paper for the period of —— weeks, within which time he is to sell the same. No costs on this motion to either party.

———————

# NEW-YORK COMMON PLEAS.

## Owen agt. Dupignac.

The 2d subdivision of section 292 of the Code of Procedure is analogous to the 8th section of the act to abolish imprisonment for debt, and to punish fraudulent debtors, passed April 26, 1831, and the applicant under either provision must make out a *plain case.*

The evidence submitted should show that the debtor *has property* which he unjustly refuses to apply to the payment of the judgment sought to be enforced.

And, *it seems*, that if the evidence does not show that the defendant has any property free from claims of third persons, which he refuses to apply to the payment of his debts, the order should not be granted.

*New-York General Term, August,* 1859.

APPEAL from an order denying a motion to discharge an order in proceedings supplementary to execution, allowed under the 2d subdivision of section 292 of the Code.

—————— *for appellant.*
—————— *for respondent.*

Owen agt. Dupignac.

By the court—BRADY, Judge. The second subdivision of section 292 of the Code of Procedure is analogous to the second subdivision of the 8th section of the act to abolish imprisonment for debt, and to punish fraudulent debtors, passed April 26, 1831. To obtain a warrant under the latter act and subdivision, satisfactory evidence must be adduced to the officer applied to therefor, *that the debtor has property which he unjustly refuses to apply to the payment of the judgment* set forth, and under the former act and subdivision after the issuing of an execution against property, upon proof to the *satisfaction of the judge* granting the order *that any judgment debtor has property which he unjustly refuses to apply toward the satisfaction of the judgment*, such judge may, by order, require the judgment debtor to appear at a specified time and place to answer concerning the same. The proceeding referred to under the act of 1831 has been considered as a statute execution, reaching property which is not subject to seizure by *fieri facias*, and such as, through the fraud of the debtor, either has been or is in danger of being placed beyond the reach of the ordinary process. *Per* JEWETT, *Ch. J.* (*Steward* agt. *Biddlecum*, 2 *Coms.* 107 ; *see also Sackett* agt. *Newton*, 10 *How. Pr. R.* 560.) And it was held that the applicant under this statute must make out a plain case. (*The People, ex rel. Van Valkenburgh* agt. *The Recorder of Albany*, 6 *Hill*, 429.) I think the same obligation rests upon the applicant under the Code. The proceeding is one in aid of the execution, and the evidence submitted should show that the debtor has property which he unjustly refuses to apply to the payment of the judgment sought to be enforced. Where the circumstances disclosed are such as to justify the presumption that the debtor, operating with another, is carrying on business for his own benefit, owning the property with which such business is done, the creditor should be left to the proceeding subsequent to the return of the execution, when, by the interposition of a receiver, the whole subject may be investigated. The affidavit on which the order herein was obtained is entirely speculative, and may be summed up briefly thus: that there is a place of business in

Devin agt. Devin & McKelvey.

this city conducted by the son of the defendant, the merchandise and stock are property of which the plaintiff is informed the defendant has had and still has, or has an interest in. This is not a plain case. It does not show that the defendant has any property, free from claims of third persons, which he refuses to apply to the payment of his debts. On the contrary, the affidavit discloses the fact that the son of the defendant, who had charge of the alleged place of business, informed the sheriff that the defendant had no property therein. I think the order should have been discharged, and that the motion, for that purpose made, should have been granted. The order in this case was not granted upon the return of the original execution, and the plaintiff, having made application under the 2d subdivision of section 292 of the Code, should be confined to his remedy under that subdivision. The first execution had been returned about fifteen years, and had ceased, I think, to be operative for the purposes of the section referred to. (*See Corning, &c.*, agt. *Stebbins*, 1 *Barb. Ch. Rep.* 589.)

---

# SUPREME COURT.

## MARIA F. DEVIN agt. DEVIN & McKELVEY.

Under the acts of 1848 and 1849, as formerly, a married woman can take proceedings in equity to secure to herself her separate personal property which the husband has in his possession, and which she loaned to him to use in the conducting his business. And especially may she seek to recover such property when it was loaned to a *firm* of which the husband was a member.

Nor is it an answer to such a claim by the wife, that a loan of money could not be made by her to a firm of which her husband was a member, because she could make no *contract*. On the contrary, such a contract can be made, and when made can be enforced in an equitable proceeding, if not at law.

*New - York Special Term, August,* 1859.

MOTION to set aside judgment on report of referee.