# SUPREME COURT.

## The Utica City Bank agt. Alton Buel.

It is not necessary that the *affidavit*, on which an order is issued for the examination of a judgment debtor in proceedings supplementary to execution, should be served with the order.

A *sheriff's certificate* of the service of an *order*, for the *examination* of a judgment debtor in supplementary proceedings, is not sufficient *evidence* that such service has been made. An *appearance* of the judgment debtor, however, upon such service, cures the defect.

There are but two classes of cases where the *certificate* of an officer is evidence of the facts stated in it, and upon which some future action can be predicated. The first is, where it is made evidence by statute, and the second, where what is technically known as *process*, or that which is in the nature of process, is directed to the sheriff, and he is required or directed to make a *return* thereto.

*At Chambers, August* 9, 1859.
MOTION for an attachment against the defendant for contempt.

KERNAN & QUINN, *for plaintiff*.
HUNT & THROOP, *for defendant*.

BACON, Justice. On the 26th day of July, 1859, an order supplementary to the return of an execution was obtained by the plaintiff, requiring the defendant to appear and be examined on the 29th of July before a referee appointed for that purpose. This order was served on the 27th of July, and the proof of such service consisted of the certificate of the sheriff, without being verified by oath that such service had been made. On the day designated by the order, the defendant appeared before the referee in the manner hereinafter stated, and asked a postponement of the hearing until the 5th of August thereafter, which application was granted by the referee. Upon the adjourned day the defendant did not appear, and thereupon, on the certificate of the referee, and an affidavit of the attorney for the plaintiff, stating the facts, an order was granted by me, returnable on the 9th of August, requiring the defendant to show cause why he should not be attached as for a contempt, in not obeying the order to appear and submit to an examination.

The defendant, by his counsel, now appears and submits that the order should be discharged : 1. For the reason that the affidavit on which the order was founded was not served with the order ; and, 2. That no proper and legal proof was made of the service upon the defendant of the original order to appear and be examined, and that, consequently he was

not in contempt for not appearing on the adjourned day. The first objection I overruled, on the authority of *Green* agt. *Ballard* (8 *How*. 315), and other cases. As to the second, the Code provides (§ 302), that if any person, party or witness disobey an order of the judge, or referee, *duly served*, such person, party or witness may be punished by the judge as for a contempt. The defendant's counsel insists that the mere certificate of the sheriff, that he served an order, affords no proof of the service of the order; that, consequently, the party was not required to appear, and cannot be punished for disobedience of the order, and on this position, to the extent that the proof of service was not duly made, I think he is right. The Code makes no provision as to the time, mode or manner of the service of these supplementary orders, nor how the proof of such service shall be manifested, or made to appear. There seems to be only two classes of cases where the certificate of an officer is evidence of the facts stated in it, and upon which some future action can be predicated. The first is where it is made evidence by statute, and the second where what is technically known as process, or that which is in the nature of process, is directed to the sheriff and he is required or directed to make a return thereto.

Under the first head, various provisions are found in the statutes and in the Code, where such certificate is expressly made evidence. Thus, in respect to a summons, the provision is, that service may be made by the sheriff, or by any other person not a party to the action, but the 138th section of the Code expressly makes the certificate of the sheriff good proof of the service thereof.

In reference to orders of arrest, of attachment and executions, they are all directed to the sheriff, and require him to execute the same according to law, and there is generally a mandate in all of them requiring a return to be made thereto, and they all come under the second class of cases mentioned above. But if the process is silent as to a return, the duty of the sheriff is doubtless the same, and whenever such duty is enjoined by the process, or by the law, the return is an official

act, and becomes evidence by the common law. (*See* 2 *Cow. and Hill's Notes*, 239, 40, 794; 1 *Green. Ev.* § 498.) The statute in relation to the duties of a sheriff requires every sheriff, or other officer to whom process shall be delivered, to execute the same according to the command thereof, and to make due return of his proceedings thereon, which return shall be signed by him. (2 *R. S. 3d ed.*, 535, § 95.)

The plaintiff's counsel insists, in answer to this objection, that the order issued in this case partakes so far of the nature of, that it may without violence to language, or the law, be called and deemed process, and being such, the certificate of the sheriff is proper and sufficient proof of its service. I think it can hardly come under any definition which can be fairly applied to that term. Process is defined by Blackstone to be the means of compelling a defendant to appear in court, and although literally, perhaps, it can only be strictly characterized as the initial step in a cause, it has come to be indicated by the two terms, mesne and final, which are used to designate the two stages in the progress of a cause in which it is employed. (*See Tomlin's Law Dictionary, word " Process."*) Process is always directed to some officer to be executed, and is strictly the mandate of the court to the officer, commanding him to do certain things, or perform certain services, within his official cognizance, and it is this character of it, and the injunctions it contains, which makes his return evidence. To ascertain, then, whether a return is competent evidence or not, we must look to the process itself, primarily, and to the law regulating the duty of officers thereon. " If the process is not what is called returnable process, or, in other words, if it be process upon which the officer is not required to certify his doings, his return will not be evidence, for in that case the act is entirely *unofficial*, and is entitled to no more credit than it would by the act of any private person." (2 *Cow. and Hill*, 794, note *d.*)

In this case the order could be served by any person whoever; it is not directed to the sheriff, and contains no injunction to him to do or return anything, nor by its terms or in

its nature is any official return required to be made regarding it, nor is there any statute which requires the sheriff to make the service or return, or that makes a return, when made, evidence of the facts stated therein.

The 419th section of the Code does not meet the case, for two reasons : 1. The summons, orders and judgments there spoken of are such as are to be executed " pursuant to this act," that is, pursuant to the directions of the Code, and the Code is silent as to the mode of service of this supplementary order ; and, 2. The injunction is only that the sheriff shall execute such orders, and shall be liable if he neglects the duty, and makes no provision in regard to the manner of serving or making proof of the service of orders, or what will be sufficient evidence of service.   This course of reasoning satisfies me that the certificate of the sheriff of the service of the order was not sufficient evidence that the service had been made, and, if there had been nothing else in the case, would not have authorized the referee to make any order therein, nor the judge, on the non-appearance of the party, to have entertained an application for an attachment as for a contempt.

If, then, the defendant had not appeared at all upon this order, and no other proof of its service had been made than is shown in this case, the referee would have had no jurisdiction to make any order, and the defendant would not have been in contempt for disobeying it.   In the case of a summons, the Code provides that a voluntary appearance of a defendant is equivalent to a personal service.  (§ 139.)  And any irregularity in the service of an order is waived by an appearance, and by voluntarily submitting, without objection, to an examination.  (*Green* agt. *Bullard*, 8 *How.* 315.)  In this case it is not pretended that there was any irregularity in the service of the order, but only a defect in the proof of its service.   But, by the defendant's appearance, no proof of the service was necessary, and the referee was not called upon to act on that subject.   If any such objection had been made, it could doubtless have been remedied on the spot.   The defendant, in point of fact, did appear, but it is said it was only in a qualified

manner, and in such a way as to save all his rights. Let us see if this is sufficient.

The referee states, in his report, that on the day the order was returnable, the defendant appeared only for the purpose of asking an adjournment, and saving all his rights and objections, technical and otherwise. It is further added that " the defendant appeared for that purpose and no other, and by his counsel asks a postponement, reserving and saving all the rights of the defendant to object to and oppose the proceedings herein, and the regularity and sufficiency thereof," and thereupon, on the motion of defendant, the proceeding was adjourned until the 5th of August, "the rights of the parties being reserved as above mentioned." A party can, unquestionably, make a qualified appearance, and loses thereby no rights which he expressly reserves. The party having appeared in obedience to the order, the service had accomplished all its office, and no proof whatever was necessary on that point. The rights reserved, and which the party does not lose, are the right to oppose the proceeding and the regularity and sufficiency thereof, and when he asked an adjournment, and it was granted with that reservation, he retained all those rights, and was bound to obey the order of the referee to appear upon the adjourned day. In short, the referee acquired jurisdiction of the person and the cause, and did not and has not lost it because the proof of the service was not sufficient to authorize ulterior proceedings, had there been in fact no appearance whatever. In a case in the superior court of New-York, it is held that one of several defendants jointly liable on a judgment cannot appear, under protest to the jurisdiction, and object that it does not appear on the face of the proceedings either that he resides or was personally served with process within the city of New-York—such an appearance is equivalent to a personal service. (*Mahanny* agt. *Penman,* 1 *Abb.* 34.)

I am of opinion, therefore, that the defendant was bound to appear, pursuant to the order and the direction of the referee, upon the adjourned day, and that such non-appearance was a

contempt which has not been purged upon the order to show cause. An attachment must therefore issue, returnable at the next special term in this district, and an order for such attachment is accordingly granted ; but as the only object sought by the plaintiff is, to procure an examination of the defendant pursuant to the original order, and it is entirely in the power of the defendant to perform that duty, the order may be discharged upon the defendant's appearing before the referee on the 16th day of August, at 10 A. M., and at such other times as he shall direct, and submit to an examination, pursuant to the original order, and paying $10 for the costs and expenses of the proceedings to obtain this order.