## SUPREME COURT.

### JOHN L. FARQUEHARSON agt. WOODMAN KIMBALL and others.

It is not necessary to serve an *affidavit* upon which an order in proceedings supplementary to execution is granted, with the order upon the judgment-debtor. (*To the same effect is Green* agt. *Bullard,* 8 *How.* 313; *and The Utica City Bank* agt. *Buel,* 17 *How.* 498.)

Whenever there is sufficient reason to question the good faith of the return of an *execution* made before the expiration of the sixty days, and the sheriff acts manifestly upon the procurement of the party or his attorney, it should be *held,* that the remedy by execution has not been exhausted, and the party is not entitled to a supplementary order. (*Agreeing fully with the views expressed by Judge* JOHNSON *on this point, in Spencer* agt. *Cuyler,* 17 *How.* 157.)

The issuing of a second execution against a judgment-debtor and a levy by the sheriff under it do not prevent the issuing of an order in supplementary proceedings for the examination of the judgment debtor, and proceedings by the plaintiff under such order, where the first execution has been returned unsatisfied. And this is so, although there is a suit pending against the sheriff to test the question of title to the property levied upon.

*At Chambers, September 20th,* 1859.

THIS is an application pursuant to an order to show cause why an order supplementary to execution for the examination of Kimball & Mudge, two of the judgment-debtors, should not be discharged.

C. W. WHITE, *for plaintiff.*
B. J. BEACH, *for defendants.*

BACON, Justice. The original order was granted, on the 5th of September instant, upon the usual affidavits showing the rendition of judgment, the issuing of execution, and its return unsatisfied. The affidavit, on which the order to show cause was granted, sets forth that an execution was issued on the judgment, on the 3d of September instant, that under it a levy has been made upon some property claimed to belong to the

defendant Mudge, and that the execution still remains in the hands of the sheriff unreturned, a suit being now pending to test the question of title to the property levied upon.

The counsel for the defendants takes three exceptions to the validity of the order supplementary for the examination of defendants :

1st. Because no copy of the affidavit, on which the order was granted, was served with the order.

2d. Assuming that an execution had been issued prior to the one upon which the levy was made, no proper or legal return was made by the sheriff of that execution, or, if so, the order could not be obtained until the expiration of the sixty days the execution had to run.

3d. An execution having been subsequently issued upon the judgment, and still outstanding, and in the course of enforcement in the sheriff's hands, the plaintiff is not entitled to an order for examination under the first clause of section 292 of the Code. The only resort of the plaintiff in such case being an application under the second clause of that section, requiring the debtor to answer as to any specific property which he unjustly refuses to apply to the satisfaction of the debt.

I. The first objection is answered by the case of *Green* agt. *Bullard* (8 *How. Pr. Rep.* 313), which holds that a copy of the affidavits, on which the order supplementary is granted, need not be served with the order. (And to the same effect is the case of *The Utica City Bank* agt. *Buel*, 17 *How. Pr. Rep.* 498.)

It is, perhaps, unfortunate that provision has not been made for such service, since it seems eminently proper that the affidavit, which is the foundation of the order, should accompany it, and thus apprise the party of the ground of the proceeding, and enable him to avail himself speedily of any defect that may exist in the affidavit. But the Code has not provided for such service, save in the case of orders of certain kinds granted in actions, and this proceeding is not an action. This defect might, perhaps, be remedied by a general rule of the court, but, in the absence of such a rule, the objection is untenable.

Farqueharson agt. Kimball.

II. The second question made cannot, perhaps, fairly be urged on this proceeding. In the moving papers on the part of the defendants, nothing is shown in respect to the issuing or return of the first execution, as the application to vacate the order proceeds upon the ground of there being but one execution in the case, and that one being still in the hands of the sheriff. If this were the only fact in the case, the order must, of course, be discharged, since it can only be granted after the issuing and actual return of an execution. It became proper then for the plaintiff to show, as he has done, that an execution was, in point of fact, issued on the 19th of August, and that, on the 22d of that month, it was returned by the officer unsatisfied, and it was upon this issuing and return that the supplemental order was obtained.

The affidavit goes further, and states that the attorney for the plaintiff explicitly requested the deputy sheriff, to whom this execution was delivered, to call upon the defendants with the execution, and make an effort to collect it, and that a few days afterwards, on again applying to the deputy to know if he had done so, he replied that he had not, that he had already returned executions against the same parties to the amount of thousands of dollars, and it was of no use to call upon them, that they had nothing, and he had accordingly returned the execution unsatisfied.

That, upon the proper return of an execution unsatisfied at any time within sixty days after its receipt by the officer, an order supplementary to execution may be obtained, is settled by a general term decision in the 6th district, in the case of *Livingston* agt. *Cleveland* (5 *How.* 396), and in the superior court of New-York, in *Engle* agt. *Bonneau* (2 *Sand.* 679.)

These decisions are not dissented from by Judge JOHNSON, in the recent case of *Spencer* agt. *Cuyler* (17 *How.* 157), although he doubts, and it seems to me with some reason, whether the legislature ever intended to leave it to the sheriff to fix the return day at any time within the life of the execution as against the parties, and by statute only in favor of the sheriff in a proceeding against him to compel a return

But this point must be deemed settled by the cases above referred to. The case of *Spencer* agt. *Cuyler*, however, does decide that, where a return of the sheriff is made at the solicitation and upon the request of the plaintiff or his attorney, before the expiration of the sixty days, such a return is to be regarded as the act of the party and not the official act of the sheriff, and supplementary proceedings founded upon such a return will be set aside. In this I entirely concur, and in this district we have had occasion not unfrequently to enforce this rule. It is not to be tolerated that a sheriff, by yielding to the solicitation, or in obedience to the appliance of a party desiring to secure an advantage over competing creditors, may fix different return days to several executions which may be in his hands at the same time, and thus enable one creditor to obtain a preference in reaching the equitable assets of his debtor. Wherever there is sufficient reason to question the good faith of a return thus made before the expiration of the sixty days, and the sheriff acts manifestly upon the procurement of the party or his attorney, it should be held that the remedy by execution has not been exhausted, and the party is not entitled to the supplementary order.

In this case there is a failure to show any such fact. On the contrary, the attorney directed the officer to call on the defendants and make an attempt to collect, and, although the return was made very soon after the issuing of the execution, it appears to have been in good faith, and from a persuasion on the part of the deputy sheriff, apparently well grounded from his prior experience, that the defendants really had nothing on which a levy could be made.

III. The third ground of objection has been argued with much zeal by the defendants' counsel, and, but for some decisions which appear to dispose of it, with a good deal of plausibility.

It is insisted that the mode of proceeding, instituted by the Code in section 292 *et seq.*, was intended to be a complete system in itself, and entirely to supersede the old order of things, which obtained when the same end which is now accomplished

by these proceedings was attained through the aid of a credit-or's bill, and the machinery appurtenant thereto. And, there-. fore, that, whenever there is an execution actually in the sher-iff's hands, the party can only take the proceeding which, by the Code, is intended as auxiliary to the execution and in aid of its enforcement, and not one which, founded on the return of an execution, enables the party to go further and put the defendant in the execution upon a general, thorough and searching course of examination in respect to all his property, legal and equitable.

Under the former system, however, it had repeatedly been held by the chancellor, that after the filing of a creditor's bill, the complainant might issue a new execution upon his judg-ment, and levy upon the property of the judgment debtor, and proceed to enforce it to any extent that it might be found available, and was not called upon to elect either to dismiss his bill or abandon his execution ; certainly not, unless it was. made clearly to appear that the property levied upon was, with-out dispute, the property of the debtor, and was abundantly sufficient to satisfy the debt. The two modes of seeking sat-isfaction were not at all inconsistent with each other, but might proceed, *pari passu*, until one or the other resulted in satisfac-tion of the debt. This rule has been followed and the same principle applied in the case of *Lillindall* agt. *Fellerman* (11 *How.* 528), decided at a special term in New-York, and by the New-York superior court in *Sale* agt. *Lawson* (4 *Sand.* 718). Judge Duer, in giving the opinion of the whole court in this case, says, " These rules of the old court of chancery are just as applicable to the examination of a debtor under the Code, as to the proceeding by bill, and we are all of opinion that they must still be followed."

In the case now before me, the property levied upon by the second execution is not only not sufficient to satisfy the debt, but a suit is actually pending against the sheriff who made the levy, to determine the question of title to the property itself.

On the authority of these cases, I am constrained to hold that the proceeding, by which the order for examination supple-

mentary to the return of the first execution was obtained, was not superseded by the levy under the second execution, but that the plaintiff is entitled to proceed under it as a valid order.

The result is, that the order to show cause is discharged, the order of the 5th of September is retained in full force, and the defendants served with that order are directed to appear before the referee, and submit to an examination, on the 27th of September instant, at ten o'clock A. M., and abide such further order as may be made in the premises.

No costs of this application are allowed to either party.