Randolph et al. *v.* Daly et al.

| 16 | 313 |
| 65 | 736 |

THOMPSON E. F. RANDOLPH and ROBERT J. RANDOLPH, partners, &c., *vs.* WILLIAM D. A. DALY and others.

1. Where the sole design of the bill is to have the individual property of one partner, alleged to have been fraudulently conveyed away by him, applied in satisfaction of a judgment against the firm, another partner from whom no discovery is sought, and against whom no relief is prayed, is neither a necessary nor a proper party.

2. A wife is a proper party to a bill filed to set aside conveyances of the husband's property made to her, or in which she has joined, and which are charged to have been voluntary and fraudulent as against creditors of the husband.

3. It is no cause of demurrer to a bill to set aside fraudulent conveyances made by a debtor, that a defendant, to whom part of the property has been conveyed, has no connection with other fraudulent transactions of the

debtor. If the defendant is a necessary party to some part of the case as stated, he cannot object that he has no interest in other transactions constituting a part of the entire case.

4. A bill filed by an execution creditor is not demurrable for multifariousness because it seeks to set aside fraudulent conveyances, and at the same time to reach other property of the debtor, which is not the subject of execution at law, and respecting which a discovery is prayed.

5. The transactions charged, being parts of a series of acts all tending to to defeat the plaintiff's remedy at law, may properly be united in the same bill.

6. A *joint* execution upon a judgment for a partnership debt, may be executed not only against the partnership property, but against the separate estate of each partner, for each is answerable for the whole, and not merely for his proportionate part of the debt.

7. A court of equity will protect and enforce the legal right of an execution creditor at law to levy upon the separate property of each partner of a firm.

8. To entitle an execution creditor to relief, it must appear by the bill that he has exhausted his remedy at law, and that the aid of this court is necessary to enable him to obtain satisfaction of his judgment.

9. The return of the sheriff that the defendants are not, either in their partnership name or as individuals, seized or possessed of any estate, real or personal, which could be seized or taken by virtue of the execution, must be taken as *prima facie* evidence of the fact, and is sufficient to give the complainants a standing in this court.

10. Certainty to a common intent is all that is ordinarily required in pleadings in equity.

*Slaight,* for defendants, in support of the demurrer.

*Winfield,* for complainants, contra.

THE CHANCELLOR. To a bill filed by execution creditors of the firm of Daly & Burnet, to obtain satisfaction of the judgment out of the individual property of William D. A. Daly, one of the partners, the defendants demur.

1. Because Adolphus E. Burnet, the other partner of the firm of Daly & Burnet, is a necessary party. The sole design of the bill is to have the individual property of Daly, one of the partners, which is alleged to have been fraudulently conveyed away by him, applied in satisfaction of the

judgment against the firm. No fraud or concealment of property is imputed to Burnet; no discovery is sought from him; no relief is needed or asked against him individually, or as a member of the firm. He is neither a necessary nor a proper party.

2. The second ground of demurrer is that the wife of Daly is not a proper party. The bill charges that the real estate in controversy was formerly owned by Daly, and was conveyed by him and his wife to a third party, and by their grantee was reconveyed to the wife, and by the wife of Daly to his father, in whom the legal title remained at the time of filing the bill. All these conveyances are charged to have been voluntary, and fraudulent as against the creditors of the husband. If fraudulent, the wife was a participant or agent in the fraud. The bill seeks to avoid, as well the title to her as the title from her. The complainants are entitled to a discovery from the wife, as well as from the husband, touching the consideration of the deeds and the alleged fraudulent purpose for which they were executed.

3. The third ground of demurrer is that the bill is multifarious as to Edward Daly, inasmuch as it unites with the charges of fraud in the conveyances to him, other charges of fraudulent concealment of property on the part of William D. A. Daly, with which Edward Daly has no concern or alleged connection. But it is well settled that on a bill to set aside fraudulent conveyances made by a debtor, and for a discovery of his property, it is no objection that a defendant, to whom a portion of the property has been conveyed, has no connection with other fraudulent transactions of the debtor. The case against the debtor is entire. If the defendant is a necessary party to some part of the case as stated, he cannot object that he has no interest in other transactions which constitute a part of the entire case. *Attorney General* v. *The Corp. of Poole,* 4 *Mylne & C.* 31; *Boyd* v. *Hoyt,* 5 *Paige* 78; *Brinkerhoff* v. *Brown,* 4 *Johns. Ch. R.* 671.

It is further urged that the bill is multifarious in its character as to the debtor himself, because it not only seeks

to remove obstructions in the way of the complainants' remedy at law by setting aside fraudulent conveyances, but also seeks to reach other property of the debtor, which is not the subject of execution at law, and in regard to which a discovery is prayed. But this constitutes no ground of demurrer. The sole purpose of the bill is to obtain the aid of this court in enforcing satisfaction of the complainants' judgment, out of the property, real and personal, of the defendant, which is alleged to have been fraudulently conveyed, or to be concealed or held in trust so as to be beyond the reach of an execution at law. All the transactions charged are but parts of a series of acts, all tending to the defeat of the plaintiff's remedy at law, and may properly be united in the same bill. *Cuyler* v. *Moreland*, 6 *Paige* 273.

The last two points were considered and decided in this court at the last term, in the case of *Way* v. *Bragaw, ante* p. 213.

4. The fourth cause of demurrer is, that it does not appear that the complainants have exhausted the partnership effects, before resorting to the separate property of Daly, or that the firm of Daly & Burnet is insolvent.

It is a familiar principle that a judgment creditor must exhaust his remedy at law, before coming into equity. It is an equally familiar doctrine of equity, that as between the partners themselves, the partnership property must be applied to the payment of partnership debts, before resorting to the individual property of the partners. Yet a joint execution upon a judgment for a partnership debt may be executed not only against the partnership property, but against the separate estate of each partner, for each is answerable for the whole and not merely for his proportionate part of the debt. *Collyer on Partnership* (5th Am. ed.) 818, *and note; Herries* v. *Jamieson*, 5 *T. R.* 556; *Abbot* v. *Smith*, 2 *W. Bl.* 947.

The complainants, therefore, have a legal right, under their judgment and execution at law, to levy upon the separate property of Daly, and having such legal right, they are en-

titled to the aid of this court to protect and enforce it. It is true, that as between themselves, Daly has a claim in equity against his co-partner for contribution, but this cannot impair the rights, legal or equitable, of the creditor against the property of the individual partners, for each party is clearly liable for the whole amount of the indebtedness of the firm.

It is certainly not necessary to aver that the firm is insolvent, in order to entitle the complainants to relief. The partnership property may be amply sufficient to satisfy all the debts of the firm, yet it may be so covered up, or placed beyond the reach of process, as not to be amenable to execution at law, and to render the interference of equity essential to the ends of justice. All that can be required is, that it should appear by the bill that the complainant has exhausted his remedy at law, and that the aid of this court is necessary to enable him to obtain satisfaction of his judgment. This does sufficiently appear by the bill in this cause. The complainants allege, that a writ of *fieri facias de bonis et terris* issued upon the judgment, directed and delivered to the sheriff of the county of Hudson, in which the defendants resided and transacted their mercantile business, and that the sheriff made return to the said writ, that he could not find any goods or chattels of the defendants in the said execution in his county, but had levied upon certain lands therein described, and appraised the interest of W. D. A. Daly therein at one dollar, and returned the said writ of execution wholly unsatisfied. The land thus levied upon, and the interest of William D. A. Daly in which was appraised at one dollar, is the same land which the bill alleges to have been fraudulently conveyed by Daly, to which it appears that at the time of the levy he had no legal title, and which was not, therefore, subject to a valid levy under an execution at law. The formal levy was obviously made as a foundation of a proceeding in equity. By the terms of the writ, the sheriff was commanded to levy upon all the estate, real and personal, belonging to the defendants, either as

2 D *

partners or as individuals.   His return must be taken as at least *prima facie* evidence that the defendants, neither in their partnership name nor as individuals, were seized or possessed of any estate, real or personal, which could be seized or taken by virtue of the execution.   This is sufficient to give the complainants a standing in this court.   Certainty to a common intent is all that is ordinarily required in pleadings in equity.   *Story's Eq. Pl.*, § 240, *and note* 3; *Cooper's Eq. Pl.* 181.

The demurrer is overruled.