MacPherson Smith and another *v.* Michael P. Mahony.

Proceedings supplementary to execution, under the Code of Procedure, were intended as a summary and inexpensive substitute for the former creditor's bill, and the former practice in regard to the latter applies to the new proceedings, unless inconsistent with, or superceded by, the change made by the Legislature.

Under the Code, a second execution may be issued, by leave of the court, after five years from the entry of judgment, although the judgment creditor has commenced supplementary proceedings on the judgment.

Appeal from an order vacating an order granting the plaintiffs leave to issue execution and requiring them to proceed by supplementary proceedings.

The plaintiffs having recovered a judgment in this action for $1,073.37, on July 25, 1865, issued an execution thereon, which was returned unsatisfied. On the 3d September, 1870, proceedings supplementary to execution were commenced and defendant partially examined, after which further examination was adjourned to September 17th. On the 3d September, 1870, on motion of the plaintiff and after hearing, leave was granted to issue execution on said judgment. On the 10th September 1870, an order was made, on notice, and after argument, vacating the order of September 3d, allowing the execution to issue

and setting aside the same and all proceedings thereunder, and directing plaintiffs to proceed by way of the supplementary proceedings already instituted. From this order the plaintiffs appealed to the General Term.

*N. A. Chedsey*, for appellants.

*Devlin, Miller & Trull*, for respondents.

BY THE COURT.[*]—DALY, Ch. J.—It has been repeatedly held that the proceedings supplementary to execution, instituted by the Code, were intended as a summary and inexpensive substitute for the former creditors' bill, and that the practice established by the former Court of Chancery in respect to the course of procedure upon creditors' bills, applied to the new proceeding, unless it was inconsistent with, or obviously superseded by, the change which the Legislature had made. It was held, in the former Court of Chancery, that the filing of a creditor's bill did not preclude the plaintiff from issuing a second execution, and that the Court of Chancery could not compel the creditor to elect between his bill and the second execution, unless it appeared that in such court, if the creditor succeeded, he would or might obtain his whole debt, as where he had levied upon property under the second execution amply sufficient to pay his debt, and that if a levy was made upon property, but insufficient to satisfy the judgment, it would be regarded as a satisfaction *pro tanto* only, and would be no bar to the creditor's bill generally (*Cuyler* v. *Moreland*, 6 Paige, 273; *Storm* v. *Badger*, 8 *Id.* 130; *Thomas* v. *McEwen*, 11 *Id.* 131; *Pepalar* v. *Gallins*, 4 J. B. Moore, 163), and these rules have been held to apply equally to the supplementary proceedings under the Code (*Sale* v. *Lawson*, 4 Sandf. S. C. R. 718; *Lilliendahl* v. *Fellerman*, 11 How. Pr. 528; *Farqueharson* v. *Kimball*, 18 *Id.* 37).

I therefore agree with Judge Larremore, that the order appealed from must be reversed.

---

[*] Present—Daly, Ch. J., Loew and Larremore, JJ.

Smith v. Mahoney.

LARREMORE, J.—Judgment was recovered and entered in this action July 25, 1865, in favor of the plaintiffs against the defendant, for the sum of $1,073.37.   On September 3, 1870, an order was made on notice and hearing, that the plaintiffs have leave to issue execution on said judgment.   Subsequently, and on the 10th of September, 1870, another order was made on like notice and hearing, vacating the order of 3d of September allowing execution to issue, and setting aside the same and all proceedings thereunder, and directing plaintiffs to proceed by way of the supplementary proceedings heretofore instituted in the action.   From this last-mentioned order this appeal is taken.

The right to issue execution upon a judgment is a statutory right, and not dependent upon judicial discretion.   A party may at any time within five years after the entry of judgment, proceed to enforce the same.

After the lapse of five years from the entry of the judgment, such execution can only be issued by leave of the court upon motion and on notice to the adverse party.

The application of the plaintiffs showed a compliance with the statute, and that the judgment remained unsatisfied.

These facts being undisputed, the plaintiffs were entitled to have their application granted, unless the pendency of the proceedings supplementary to execution, referred to in the affidavit of defendant and his counsel, constituted a valid objection thereto.   Proceedings supplementary to execution are in aid of the execution, and cannot consistently be allowed to supercede it.   They both seek the accomplishment of the same result—the collection of the judgment.

In some cases these proceedings are resorted to, to compel the application of the property of the judgment debtor toward the satisfaction of the judgment as provided upon the return of the execution.   We think, also, that the notice of the application was sufficient, and that the defendant was not mislead thereby.

The order appealed from should be reversed, with costs.

Order reversed.