WOODWARD, Appellant, vs. HALL, Respondent.

*December 6, 1889 — January 7, 1890.*

*Execution: Supplementary proceedings.*

1. More than ten years after the return of an execution unsatisfied a second execution was issued and levied upon real estate. In a proceeding under sec. 3030, R. S., instituted by the judgment creditor before the return of such execution, it did not appear whether or not such real estate was sufficient to satisfy the judgment. *Held,* that the remedy of the judgment creditor was under sec. 3031, in aid of the execution, and not under sec. 3030.

[2. Whether after the lapse of ten years from the return of an execution unsatisfied, the judgment creditor is entitled to an order for the examination of the debtor under sec. 3030, R. S., without a second execution being issued and returned unsatisfied, not determined.]

APPEAL from the Circuit Court for *Chippewa* County. The facts are sufficiently stated in the opinion. The appeal is from an order affirming the order dismissing the proceedings.

For the appellant there was a brief by *Gores & Miner,* and oral argument by *J. C. Gores.* To the point that the fact that the second execution had not been returned did not entitle the defendant to a dismissal of the supplementary proceedings, they cited *Sale v. Lawson,* 4 Sandf. 718; *Farqueharson v. Kimball,* 18 How. Pr. 33; *S. C.* 9 Abb. Pr. 385, note; *Owen v. Dupignac,* 9 Abb. Pr. 180; *Lilliendahl v. Fellerman,* 11 How. Pr. 528; *Hanson v. Tripler,* 3 Sandf. 733; *Storm v. Badger,* 8 Paige, 130; *Thomas v. McEwen,* 11 id. 131; *Conway v. Hitchins,* 9 Barb. 378; *Smith v. Mahony,* 3 Daly, 285; *Gates v. Young,* 17 N. Y. Weekly Dig. 551; Riddle & B. Supp. Proc. (3d ed.), 76; 4 Wait's Pr. 132. The only case to the contrary is *McArthur v. Lansburgh,* 1 Code R. (N. S.), 211, which has been overruled.

For the respondent the cause was submitted on the brief of *Stafford & Connor.* They argued, among other things, that since the proceeding here in question is a substitute for the creditors' bill in equity it should be governed by the same rule of limitation, and when it appears on the face of the order that more than ten years have elapsed since the return of the execution (no opportunity to plead the statute being provided for) the order should be held void and be vacated on motion. *Kellogg v. Coller,* 47 Wis. 649; *Fullerton v. Spiring,* 3 id. 667; *Corning v. Stebbins,* 1 Barb. Ch. 589; R. S. sec. 4221, subd. 4. The judgment creditor cannot avail himself of the remedy given by sec. 3030, R. S., while he has an unsatisfied execution in the hands of the officer. His only remedy is under sec. 3031. In most of the cases cited by counsel for the appellant the second execution was issued subsequent to the commencement of the supplementary proceedings. In such a case it may be just to hold that the execution should not supersede the supplementary proceedings. But the judgment creditor should not be allowed to commence such proceedings after the issuance of the execution and before its return, especially where, as here, real estate has been seized thereon. See *In re Remington,* 7 Wis. 643.

COLE, C. J. The appellant obtained a judgment against the respondent in the circuit court of Chippewa county in November, 1877. An execution was issued on this judgment, July, 1878, which was returned wholly unsatisfied. So the matter stood until January, 1889, when an *alias* execution was issued, and some real estate belonging to the judgment debtor was levied upon to satisfy the execution. In February, 1889, supplementary proceedings were instituted under sec. 3030, R. S., and the judgment debtor was required to appear before a court commissioner to answer on oath concerning his property. The respondent appeared

Woodward vs. Hall.

in obedience to the order, and by his counsel moved that the proceeding be dismissed. The motion was granted, and, on a rule to show cause why the dismissal should not be vacated, the circuit court affirmed the order of dismissal.

A point is made here as to the sufficiency or regularity of the proceeding requiring the judgment debtor to appear and answer before the court commissioner. We shall not consider whether or not the point is well taken, inasmuch as we are clear that the order of dismissal must be affirmed on the merits. This court has uniformly held that the summary proceeding like the one before us, supplementary to an execution, since the adoption of the Code, was a substitute for the old creditors' bill in equity, and was substantially governed by the rules applicable to that remedy. *Kellogg v. Coller*, 47 Wis. 650. Many of these cases are referred to in Simmons' Digest, under the head of "Supplementary Proceedings." To maintain a creditors' bill, it was essential that the judgment creditor should have exhausted his ordinary remedy by the issue, in good faith, of an execution, making a reasonable and diligent search for leviable property, and a return of such execution unsatisfied in whole or in part. In this case, it will be noticed that the judgment creditor waited more than ten years after the execution was returned unsatisfied before he instituted the proceedings under sec. 3030, R. S., for the judgment debtor to appear and answer. It seems to us, after an execution has been returned unsatisfied, that the supplementary proceeding for the examination of the debtor should be commenced within a reasonable time, while the presumption that the debtor has no property liable to sale upon execution may be fairly said to continue. After a period of ten years, no such presumption could arise; for it is a matter of common experience that within that time large estates are often acquired. So, while it might be perfectly true, when the first execution was returned unsatisfied, that the

Woodward vs. Hall.

debtor had no property liable to sale upon it, yet it by no means follows that he had not ample tangible property to satisfy an execution when this proceeding was commenced. And, it being essential that it appear that the creditor cannot collect his judgment by the ordinary remedy before he resorts to the proceeding given by sec. 3030, R. S., it is a matter of grave doubt whether that fact was shown in the case.

But counsel for the appellant says the section provides, when an execution against the property of the judgment debtor has been returned by the sheriff unsatisfied in whole or in part, the judgment creditor, at any time after such return is made, is entitled to an order for the examination of the judgment debtor, as was attempted here. This provision so reads, but it is obvious that it should have a reasonable construction; and it is doubtful whether it justifies the judgment creditor in waiting an unreasonable and indefinite period after the return of the first execution before he resorts to this remedy. There is much reason for holding that, after the lapse of ten years since an execution was returned unsatisfied, the creditor should issue another execution, and wait for its return, before he is entitled to the order for the examination of the debtor under sec. 3030. It should clearly appear that the creditor cannot collect his debt on the ordinary process before this summary proceeding is instituted. We shall not, however, decide this point at this time, for it is unnecessary, but leave it for further consideration. There is authority in New York which holds that the creditor has the unqualified right to examine a debtor and have a discovery of his property wherever an execution has been returned unsatisfied in whole or in part, even after ten years. *Owen v. Dupignac*, 9 Abb. Pr. 180, is such a case. It is also held there that it is no objection to the proceeding for the examination of the judgment debtor, after the return of an execution un-

satisfied, that another execution had been issued to levy on personal property, unless it is clear that such levy will be effectual to satisfy the judgment. *Sale v. Lawson*, 4 Sandf. 718; *Farqueharson v. Kimball*, 18 How. Pr. 33; *Lilliendahl v. Fellerman*, 11 How. Pr. 528; *Smith v. Mahony*, 3 Daly, 285. But the statute seems to contemplate that the ordi- nary remedy should be exhausted before a recourse is had to the proceeding under sec. 3030, and that this fact should be made to appear before the order for the examination of the debtor is granted.

In this case a second execution was issued, upon which real estate had been levied on. Whether or not the real estate was sufficient to satisfy the judgment is a fact which does not appear. But, upon the facts shown, the remedy of the creditor was to proceed under sec. 3031 in aid of the execution, instead of proceeding under the previous section. The remedy given by the latter section is a substitute, as we have said, for the old creditors' bill in chancery, and for a discovery of the equitable assets belonging to the debtor. The next section provides that after an execution has been issued against property, and before the return thereof, upon proof by affidavit to the satisfaction of a judge of the court or a county judge or court commissioner of the county to which the execution was issued, that any judgment debtor residing in the county where said judge resides has property which he unjustly refuses to apply towards the satisfaction of the judgment, such judge may make an order requiring the judgment debtor to appear at a specified time and place to answer concerning the same. The scope and object of the two proceedings are very clearly and fully pointed out by Mr. Justice Orton in *Smith v. Weeks*, 60 Wis. 94. The proceeding under sec. 3031 is in aid of an execution, and is intended " to reach that species of property not liable to levy by execution, such as choses in action and other rights and interests, but which the de-

fendant ought to apply towards the payment of the judgment, and which he unjustly refuses so to apply.  In respect to visible, corporeal, and tangible property liable to levy, if it has been concealed, fraudulently conveyed, or otherwise placed beyond the reach of actual seizure, then the execution must be returned in whole or in part unsatisfied, and proceedings instituted under the preceding sections to compel a discovery.  When the property of the debtor is known, and is tangible and liable to a levy on execution, there is no necessity of even a bill of discovery or supplementary proceedings, because the ordinary proceeding at law affords an ample remedy, unless it be real estate which has been fraudulently conveyed or incumbered so as to cast a cloud upon the title." 60 Wis. 104, 105.  See *Williams v. Sexton*, 19 Wis. 42; *Farwell v. Wilmarth*, 65 Wis. 160. Of course, the creditor, in this case, would have to make the proof required by sec. 3031 as the foundation of the proceeding; but we think that was his remedy, instead of proceeding, as he did, under the preceding section.

These observations dispose of the appeal.  It follows that the order of the circuit court must be affirmed.

*By the Court.*— Order affirmed.

