## ABRAM SMITH, APPELLANT, *v.* ALMON H. DAVIS, RESPONDENT.

*Supplementary proceedings — appointment of a receiver — a subsequent levy under a second execution — election between the execution and the supplementary proceedings.*

Abram Smith, having recovered a judgment against one Davis, on which an execution was issued and returned unsatisfied, instituted supplementary proceedings thereon, in which a receiver was appointed. Nine months later, when the receiver was about to apply to be discharged, Smith issued a second execution and had it levied upon property of Davis, which was in the possession of Davis when the receiver was appointed, but to which the receiver made no claim.

*Held,* that the second execution would not be set aside as irregular and void.

That the remedy by a receiver, and also by execution, might be pursued concurrently.

That where, however, it appears that under a second execution the plaintiff has levied upon property indisputably the property of the debtor, and abundantly sufficient to pay the judgment, he may be compelled to elect between the execution and the supplementary proceedings.

APPEAL by the plaintiff Abram Smith from an order of the Otsego County Court, entered in the clerk's office of said county on

the 9th day of January, 1890, vacating and setting aside an execution issued herein by the plaintiff about October 26, 1889, and a levy made thereunder.

On the 23d of December, 1887, the plaintiff obtained judgment against the defendant, before a justice of the peace of the county of Otsego, for $201.05 damages and costs. A transcript was duly filed, and judgment docketed in the office of the clerk of Otsego county, and an execution issued thereon by the clerk of that county to the sheriff thereof. The execution was returned wholly unsatisfied. Soon after the plaintiff caused proceedings supplementary to execution to be commenced before the county judge, who appointed M. E. Baldwin referee to take the evidence therein, and an examination was duly had. Afterwards, and on the 26th day of January, 1889, M. E. Baldwin was duly appointed receiver of the property of the judgment-debtor, and duly qualified and entered upon the duties of his office. On October 26, 1889, the plaintiff caused another execution on the same judgment to be issued against the property of the defendant, which was delivered to the sheriff, who, by virtue thereof, levied upon certain personal property as the property of the defendant. He afterwards advertised a portion of said property for sale. The property levied upon was in the possession of the defendant when the receiver was appointed. The property thus levied upon had been formerly owned by the defendant, but he had transferred it to other parties previous to the institution of the proceedings supplementary to execution. The receiver never took possession of any of such property, or made any demand for the same, and did not attack the transfer of the property for the reason, as stated in his affidavit, that he had not been directed so to do by the judgment-creditor, and for the further reason that he regarded it doubtful if the transfer could be successfully assailed. The receiver was about to apply for his discharge when this motion was made. After the property mentioned was levied upon, the officer making such levy was sued by the daughter of the judgment-debtor, who claimed to be the owner thereof, which action was pending when this motion was made.

*J. B. Holmes,* for the appellant.

*L. J. Barnes,* for the respondent.

MARTIN, J. :

The only question involved on this appeal is whether, after proceedings supplementary to execution had been instituted and a receiver appointed therein, who had qualified, the issuing of another or second execution and a levy under it was irregular and void, because made before the receiver was discharged.

The institution of supplementary proceedings, after return of execution against property, does not preclude the issuing of another execution upon the same judgment. The two proceedings having the same object in view — the collection of the judgment — may be pursued concurrently. (*Smith* v. *Mahoney*, 3 Daly, 285 ; *Gates* v. *Young*, 17 N. Y. W. Dig., 551.) Nor will the proceedings be superseded by the issue of a second execution unless it clearly appears that the property levied upon indisputably belongs to the debtor and is abundantly sufficient to satisfy the debt, and then the creditor may be compelled to elect between the execution and the proceedings. (*Fellerman's Case*, 2 Abb., 155 ; *Lilliendahl* v. *Fellerman*, 11 How., 528 ; *Farqueharson* v. *Kimball*, 18 id., 33 ; 9 Abb., 385, note ; *Hanson* v. *Tripler*, 1 Code R. [N. S.], 154 ; 3 Sandf., 733 ; *Owen* v. *Dupignac*, 9 Abb., 180 ; *Conway* v. *Hitchins*, 9 Barb., 378.)

Under these authorities it would seem that the plaintiff was authorized to issue the second execution in this case, although proceedings supplementary to execution had been instituted and were then pending, and that, as these remedies were concurrent, the plaintiff might pursue either or both, unless the property acquired by the supplementary proceedings, or levied upon by virtue of the execution, indisputably belonged to the debtor and was amply sufficient to satisfy the debt, and that in that case he could be compelled to elect between the two proceedings. We think the plaintiff had the right to have the second execution issued, and, as there was a question as to the ownership of the property levied upon, the appellant was not required to elect between the two remedies.

But it is said that, by operation of law, the receiver, upon his appointment, became vested with the title to the property of the judgment-debtor, and a levy upon any such property, or sale of it in pursuance thereof, would be irregular and void. The case of *Walling* v. *Miller* (108 N. Y., 173) is relied upon to sustain that claim. We

think that case is clearly distinguishable from the case at bar. In that case the receiver, who was appointed in an action in the Supreme Court, and not in proceedings supplementary to execution, was in possession of the property when it was sold by the sheriff, and it was held that the sale was illegal and void. In this case, however, the receiver was not only not in possession of the property levied upon, but his affidavit shows that he did not claim any right or interest in it. It was claimed by a third person under a transfer that he did not propose to attack, for the reason that he had not been directed by the judgment-debtor to do so, and because he regarded it doubtful if it could be successfully assailed. Moreover, he regarded his duties as receiver practically at an end, and was about to apply for his discharge. In *Varnum* v. *Hart* (119 N. Y., 108) it was held that where a sheriff was in possession of property, a sale thereof by him while the property was in his possession, but after the appointment of a receiver, was not void, but, at most, irregular, and that the case of *Walling* v. *Miller* was distinguishable from that case.

We need not now consider or decide the question whether the plaintiff should have obtained consent of the court before selling the property levied upon under the second execution; but, under the circumstances disclosed by the papers used on this motion, we think the issuing of the execution was authorized, and the learned county judge erred in vacating and setting it aside, and in setting aside the levy of the sheriff under it.

Therefore, the order should be reversed.

HARDIN, P. J., concurred.

MERWIN, J.:

I favor reversal upon the ground that it was not shown that the property levied upon under the second execution was owned by the defendant at the commencement of the supplementary proceedings.

Order reversed, with ten dollars costs and disbursements.