(28 Misc. Rep. 656.)

### RITTER v. GREASON et al.

(Supreme Court, Special Term, New York County. August, 1899.)

COSTS—SUPPLEMENTARY PROCEEDINGS AGAINST JUDGMENT DEBTOR—ABATEMENT BY ACTION OF PLAINTIFF.

Where, after instituting supplementary proceedings against a judgment debtor, the creditor causes a new execution to issue, on which the judgment is collected in full, the supplementary proceedings abate; and the court will not thereafter entertain a motion to fix the amount of costs and disbursements therein, and to direct their payment by the judgment debtor.

Action by Margaretha Ritter against Herbert Greason and others. Motion for an order fixing the amount of costs and disbursements in supplementary proceedings against a judgment debtor, and directing their payment by such debtor. Denied.

C. De Hart Brower, for the motion.
John G. Ritter, opposed.

McADAM, J. After instituting supplementary proceedings against the plaintiff on a judgment for costs, the creditors issued a new execution to the sheriff, and collected thereon the entire amount of the judgment. The levy under the second execution, having proved ample, suspended all further proceedings on the part of the creditor. Crock. Sher. § 440; Steinhardt v. Michalda, 15 Civ. Proc. R. 323. It was held in the former court of chancery that the filing of a creditors' bill did not preclude the plaintiff from issuing a second execution, but if a levy was made thereunder, on property conceded

to belong to the defendant, sufficient to satisfy the judgment, that fact was unquestionably a bar to the suit in equity. If the property was insufficient, it was a bar pro tanto. Cuyler v. Moreland, 6 Paige, 273. If a sufficient levy in itself operates as a bar, a satisfaction resulting from it must at least have the same effect. These rules apply equally to the supplementary proceedings under the Code. Smith v. Mahony, 3 Daly, 285; Sale v. Lawson, 4 Sandf. 718; Lillien-dahl v. Fellerman, 11 How. Prac. 528; Farqueharson v. Kimball, 18 How. Prac. 37. In Colne v. Girard, 19 Abb. N. C. 288, there was no second execution. The defendant moved to have the supplementary proceedings against him dismissed on payment of a balance due on the judgment. The court granted the motion, but on condition that the defendant pay $15 costs of said proceedings. There the creditor was prosecuting his proceeding, and the debtor sought to bring it to a close. Here the creditors allowed their proceeding to lie dormant, and by their own voluntary act coerced the debtor into paying their judgment by means of the levy under the second execution; having, at their election, extinguished the judgment in that manner, and barred themselves of all right to proceed thereon any further. The supplementary proceedings abated, and there is no power to revive them. The application for an order fixing the amount of costs and disbursements on said proceedings, and directing the judgment debtor to pay the same, must therefore be denied, without costs.

Motion denied, without costs.